The issues here are: whether the circuit court erred in granting plaintiff-bank's motion for summary judgment and whether the circuit court abused its discretion in awarding reasonable attorney's fees to bank's counsel and denying defendant's motion to produce. We affirm.
The Merchants' National Bank, appellee, filed a complaint against John P. Day, appellant, for his failure to pay two promissory notes executed by him. The bank's first claim stated that on December 29, 1980, Day executed and delivered to the bank a promissory note wherein Day agreed to repay the principal sum of $23,000 plus interest at 16 1/2% per annum. A provision included in the terms of the promissory note entitled the bank to recover "reasonable" attorney fees "not to exceed 15% of the unpaid debt of the original principal amount" in the event of default. In its second claim, the bank stated that on March 16, 1981, Day executed and delivered to the bank a promissory note wherein Day agreed to repay the principal sum of $13,500, plus interest at the rate of 16 1/2% per annum. The second promissory note included the same cost of collection provision as the first note.
In its claim, the bank demanded judgment against Day in the amount of $30,850.14, which included the principal sum of $23,000, $3,826.21 in accrued interest and an attorney's fee of $4,023.93. Post judgment interest and costs were demanded as well. In its second claim, the bank demanded a judgment against Day in the amount of $17,693.59, which included the principal sum of $13,500, $1,885.73 in accrued interest, and an attorney's fee of $2,307.86. Post judgment interest and costs were also demanded in the second cause of action.
On April 20, 1982, Day answered the complaint with a general denial, and on May 6, 1982, the bank filed a motion for summary judgment in its favor on both claims, and attached to its motion the two promissory notes executed by Day and an affidavit by Paul J. Fleming, an assistant vice-president of the bank, wherein Fleming indicated that as of May 3, 1982, Day owed the bank a total sum of $42,212.04 as principal and accrued interest and that Day had made no payments on the indebtedness.
The case came up for hearing on the bank's motion for summary judgment on October 29, 1982. Counsel for Day filed in open court a motion to produce any and all notes, contracts, security agreements, ledger cards, records of payments and other documents in the bank's possession relating to loans made by the bank to Day or relating to the accounts on which he was a signatory. Day's counsel also presented a counter-affidavit in which Day stated:
 "To the best of my knowledge, information and belief, Merchants National Bank has made substantial errors in my account such that I would not believe I am indebted to the Bank in the amounts claimed in the complaint or affidavit, and I may not be indebted to the bank at all, as I have made payments which I do not believe I have been credited for. I have renewed these notes and made interest and principal payments many times since 1978 and believe the bank has made substantial errors."
The bank's counsel presented a second affidavit by Paul Fleming in which Fleming indicated that the accrued interest and principal as of October 15, 1982, amount to $46,401.02.
The trial judge denied Day's motion to produce, and granted the bank's motion for summary judgment and rendered a judgment in the bank's favor in the sum of $53,361.04, plus court costs. This appeal followed.
In his brief, Day makes the following assertions: *Page 1256 
 "Day asserts that a scintilla of evidence supporting his denial of the allegations and assertions contained in Bank's complaint is present in Day's affidavit which was presented to the Circuit Court of Mobile County, Alabama at the hearing held on Bank's Motion for Summary Judgment. Day submits that on the face of Day's affidavit it is obvious that genuine issues, as to material facts exist such that if trial of the above-styled cause were held Day would be entitled to a jury. Day calls to the Court's attention that no promissory notes, ledger cards or other documents were attached to or submitted with either of Fleming's affidavits. Day asserts that the testimony contained in Day's affidavit is such that Day may well have prevailed at the trial of the above-styled cause if the above-styled cause had proceeded to trial."
The standards applied by this Court when reviewing summary judgment motions are fully stated in Butler v. Michigan MutualInsurance Co., 402 So.2d 949 (Ala. 1981):
 "A party moving for summary judgment has the burden of clearly showing that under no discernible set of circumstances could the other party recover and that there is an absence of a genuine issue as to any material fact. Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala. 1979); Ragland v. Alabama Power Company, 366 So.2d 1097 (Ala. 1978); Ancora Corp. v. Miller Oil Purchasing Co., 361 So.2d 1008 (Ala. 1978); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975); Fleming v. Alabama Farm Bureau Mutual Casualty Insurance Co., 293 Ala. 719, 310 So.2d 200 (1975). The moving party must be entitled to the summary judgment as a matter of law. Papastefan v. B L Construction Co., 356 So.2d 158
(Ala. 1978); Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala. 1978); Birmingham Television Corp. v. Water Works, 292 Ala. 147, 290 So.2d 636
(1974). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the nonmovant. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979); Papastefan v. B L Construction Co., 356 So.2d 158 (Ala. 1978); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
 "Rule 56 (e), Alabama Rules of Civil Procedure, however, provides that once a motion for summary judgment has been made and supported as required by the rule, the motion is to be granted unless the adverse party makes an evidentiary or factual showing in opposition to show that there is a genuine issue of fact for trial. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979); Gulf American Fire Casualty Co. v. Azar, 364 So.2d 332 (Ala.Civ.App.), cert. denied 364 So.2d 335 (Ala. 1978). . . ."
402 So.2d at 951.
Day's counter-affidavit, even when measured against the "scintilla rule," fails to present a genuine issue of material fact; therefore, the bank was entitled to prevail on the motion for summary judgment as a matter of law. Rule 56 (c), ARCP.
Under Rule 56 (e), ARCP, an opposing affidavit must be made on personal knowledge, and must set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated. The rule is stated in Butler:
 "It is the rule that when a motion for summary judgment is made and is supported as provided in Rule 56, Alabama Rules of Civil Procedure, a party adverse to such a motion may not rest upon the mere allegations or denials of the pleadings and must submit facts controverting those facts presented by the moving party. Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala. 1977); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975); Glover v. Merchants Adjustment Service, 57 Ala. App. 62, 326 So.2d 129 (1976). Likewise, the affidavits must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the movant's evidence. Arrington v. Working Woman's Home, 368 So.2d 851
(Ala. 1979); Oliver v. Brock, 342 So.2d 1 *Page 1257 
(Ala. 1977). The scintilla rule cannot be satisfied by speculation and the evidence presented must be supported by at least a reasonable inference. Arrington v. Working Woman's Home, 368 So.2d 851
(Ala. 1979); Oliver v. Brock, 342 So.2d 1 (Ala. 1976)."
402 So.2d at 952. Day never stated explicitly in his counter-affidavit that he did not owe the money as claimed by the bank, and as supported by its affidavits. Consequently, since Day's affidavit was made on mere belief, and was not based on personal knowledge, it is inadequate for purposes of Rule 56 (e), ARCP; therefore, the trial judge properly granted the bank's motion for summary judgment. Sexton v. LibertyNational Life Insurance Co., 405 So.2d 18, 20 (Ala. 1981).
Day also asserts that the attorney's fees awarded the bank were unsupported by any evidence and were unreasonable. The bank claimed an attorney's fee in the amount of $4,023.93 in its first claim on the $23,000 note and an attorney's fee of $2,307.86 in its second claim on the $13,500 note. Both notes contained the following provision:
 "The parties to this instrument, whether maker, endorser, surety or guarantor, each for himself, severally agrees . . . to pay all costs of collecting, or attempting to collect this note including, if referred to an attorney for collection, a reasonable attorney's fee not to exceed 15% of the unpaid debt if the original principal amount hereof exceeds $300.00 whether the same be collected by suit or otherwise. . . ."
We have examined the record and in view of the above provision, we do not find the attorney's fee awarded the bank by the court to be unreasonable.
With regard to the appellant's contention that the trial court abused its discretion in denying appellant's motion to produce, the Court has opined:
 "The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975). However, ARCP 26 (c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review then becomes one of whether, under all of the circumstances, the trial court has abused this discretion. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1957). In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort and money and to expedite the trial with a view to achieving substantial justice for each litigant. First National Bank in Greenwich v. National Airlines, Inc., 22 F.R.D. 46 (D.C.N.Y. 1958)."
Campbell v. Regal Typewriter Co. Inc., 341 So.2d 120, 123-124
(Ala. 1976); Assured Investors Life Insurance Co. v. NationalUnion Associates, Inc., 362 So.2d 228, 231 (Ala. 1978).
The bank contends that Day's motion to produce was a dilatory tactic designed to delay the hearing on the motion for summary judgment. In support of its claim, the bank says that Day's motion to produce was filed some five months after the bank initially filed its motion for summary judgment. The bank likewise asserts, and its assertion is unchallenged, that:
 "[P]ursuant to Rule 4 of the Local Rules of the Thirteenth Judicial Circuit, as provided under Rule 83, Alabama Rules of Civil Procedure and approved by the Supreme Court of Alabama on November 16, 1981, it is required that in any motion raising discovery issues the movant shall certify that he or she has conferred with opposing counsel and has been unable to resolve the matters raised in the motion. Thus, the Circuit Court did not err in refusing to grant the motion to produce but, in fact, the denial was proper in light of the motion failing to comply with Local Rule No. 4." *Page 1258 
In view of Day's five-month delay in filing his motion to produce and his failure to comply with Rule 4 of the local rules of the thirteenth judicial circuit, we conclude that the circuit court did not abuse its discretion in denying his motion to produce. Accordingly, the judgment below is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.