First Alabama Bank of Birmingham brought this action against Sartino and Stephens for money owed the bank under the terms of separate continuing guaranty agreements signed by them in May 1979.
After the motions to dismiss filed by each defendant were overruled, the bank filed a motion for summary judgment supported by two affidavits. These affidavits established that Total Refrigeration Service, Inc., executed two commercial notes to the bank, one for $8,000 and the other for $15,000. Both notes contained the provision that they were secured by continuing guaranty by Sartino and Stephens. Both men had signed the aforementioned guaranty agreements in which they unconditionally guaranteed and promised to pay the bank all indebtedness of Total Refrigeration Service, Inc., including attorney's fees and all other costs and expenses. One affidavit was by the bank's attorney, who swore that Act No. 2052 of the 1971 Regular Session of the Legislature (Mini-Code) had not been violated. The other affidavit in support of the motion for summary judgment was by a bank employee who swore that he witnessed the signatures of both guarantors on the guaranty agreements. He also stated under oath that the total amount owed by the defendants as of November 7, 1982, was $30,155.26.
In opposition to the bank's motion, Sartino first filed an affidavit in which he said that the money borrowed by the corporation "was never intended to be a personal obligation but an obligation of the corporation and we have other defenses to present in that regard." He also said the amount claimed in the complaint was incorrect "since there were additional payments made on this amount which apparently have never been credited."
Stephen's affidavit in opposition to the bank's motion stated:
 "The loan was, and at all times [was] intended to be, a corporate debt, and not a personal debt. The amounts claimed as due by the plaintiff are incorrect and fail to give proper credit for all sums paid. There are genuine issues of material facts, and I do have defenses to raise."
Mr. Sartino filed two additional affidavits in which he made the following statements:
 "In addition to my statements in the Affidavit of October 26, 1982, I state that the information appearing on Exhibits on [sic] C and D [Exhibit C is the commercial note, dated September 24, 1981, signed `Total Refrigeration Service Company, Inc., By: Vincent J. Sartino and Harold M. Stephens,' which states that it is secured by the `continuing guaranty by Vincent J. Sartino, Harold M. Stephens and John Bjurman' in the amount of $8,000. Exhibit D is an identical note, except its amount is $15,000 and it is dated December 21, 1981.] particularly the word regarding continuing guaranty did not appear on the instruments when I signed them, and I do not recall signing any paper or other document with any wording of all debt on it that appears on Exhibit A attached to the complaint. Also, we were not given copies of any documents at the time this was done. We also have the defenses of violation of the Mini Code and the Truth in Lending. As stated before, the amount claimed by the plaintiff is incorrect.
 "Also, this affiant states that at all times that any loans that were made *Page 41 
from First Alabama it was done in the name of the corporation, Total Refrigeration Service Co., Inc., and we were told that our company could borrow up to certain sums of money and I at all times signed the documents as President and was never asked to sign any documents in any individual capacity."
The third affidavit filed by Mr. Sartino was dated December 3, 1982. This additional affidavit contained the following assertions:
 "[T]hat he has material documents in the way of checks, receipts and other bookkeeping records regarding payments made on the alleged indebtedness to the plaintiff, which will be offered as a defense concerning not only the indebtedness but the amount claimed by the plaintiff and the affiant further states that the amount claimed by the plaintiff is not correct and is in excess of any sums that could be due based on the payments that have been made toward this claim. Affiant further states that the bookkeeping records are cumbersome and voluminous and the payments were made over a period of time and it is not feasible or practical to make copies of same since many of the entries made therein would have to be identified by more than one bookkeeper who was employed by the corporation, Total Refrigeration Service Company, Inc., and in addition, an accountant who kept track of the corporate and bookkeeping records of the company, Total Refrigeration Service Company, Inc. This affiant further states that these entries of the company's accounts and bookkeeping records would clearly show that there have been payments made on this claim of the plaintiff that have not been credited to the account and that the sum claimed by the plaintiff is in excess of what is actually due on this claim and that the plaintiff has not given proper and necessary credits that have been made toward this claim.
 "This affiant further states that there are genuine issues and defenses to be presented in this matter. . . ."
The bank established by affidavit that the debt sued on was due, and that Sartino and Stephens were unconditional guarantors of that debt, having executed the guaranty agreements relied on.
Rule 56 (e), Alabama Rules of Civil Procedure, provides:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
The bank having carried its burden, the question then is whether the affidavits of Sartino and Stephens set forth specific facts, admissible under the rules of evidence, to show a genuine issue of specific fact. A careful examination of these affidavits convinces us that they do not contain specific facts. To the contrary, all of them amount to vague and general assertions, such as "it was never intended to be a personal obligation." There are assertions of payments "apparently" never credited, and that Sartino did not remember signing a document to pay all the debt of the corporation. These assertions do not raise genuine issues of material fact so as to prevent summary judgment. Neither Sartino nor Stephens denied signing the respective guaranty agreements, and neither identified any payment not credited to the account. Sartino generally alludes to defenses which would be made.
In Whatley v. Cardinal Pest Control, 388 So.2d 529 (1980 Ala.), we said:
 "Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings . . . and must present facts which would be admissible into evidence. . . . In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, *Page 42 
the court is left with no alternative but to consider that evidence uncontroverted."
388 So.2d at 532.
In Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249
(Ala. 1980), which also involved personal guaranties of corporate debtors, the affidavit in opposition to the creditor's motion for summary judgment contained the following assertion:
 "At the time of the execution of the guaranties attached to the complaint, representatives of the Plaintiff represented to me that the purpose of the guaranties was only for parts and services and for no other purpose. It was never intended either by myself or by the Plaintiff to my knowledge, that the guaranties were executed for the purpose of guaranteeing rental payments or other obligations."
379 So.2d at 1251.
The Court held that summary judgment was proper, saying:
 "Having allowed the Reid affidavit nevertheless the trial court determined . . . that it did not set forth `specific facts showing that there is a genuine issue for trial.' We agree. Reid's affidavit makes an attack upon the attachments to Dickson's affidavit, not upon the allegations of the plaintiff's complaint. Reid's affidavit simply states that Dickson's exhibits do not accurately reflect any sums owed. . . .
". . .
 "In the absence of a response setting forth specific facts raising a genuine issue for trial, summary judgment was correctly granted."
379 So.2d at 1251.
The present case is indistinguishable from Real Coal, supra, and Day v. Merchants National Bank of Mobile, 431 So.2d 1254
(Ala. 1983). The judgment of the trial court is, therefore, due to be and the same is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.