The sole issue presented on this appeal is whether the trial court erred in granting a motion for summary judgment in favor of plaintiff/appellee Security Trust and Savings Bank of Brilliant, Alabama, in an action concerning an alleged default on a promissory note.
On October 14, 1982, Big R Trucking Co., Inc. executed and delivered a promissory note to plaintiff/appellee Security Trust and Savings, in the amount of $62,134.24. G.W. Roberts, defendant/appellant, signed the promissory note as vice president of the trucking company and as a guarantor.
According to the terms of the note, $51,856.84 was advanced to the trucking company, to be repaid in 24 monthly installments of $2,589.01 beginning November 14, 1982. A security interest in real property, personal property, and equipment was given by the trucking company, George (Billy) Roberts, and G.W. Roberts.
On November 14, 1982, Big R Trucking Co., Inc. defaulted on the promissory note. Thereafter, pursuant to the security agreement, Security Trust and Savings took possession of and sold the collateral and applied the proceeds, less costs and attorney's fees, to the balance of the note.
On August 1, 1983, Security Trust and Savings filed suit against Big R Trucking Co., Inc., George (Billy) Roberts, and G.W. Roberts for the unpaid balance on the note. On September 9, 1984, a default judgment was entered. The default judgment against G.W. Roberts was set aside for insufficient service of process.
Thereafter, G.W. Roberts filed a counterclaim seeking a partial refund of the finance charge and damages, contending that he was not given notice of the sale and that the collateral was not sold in a commercially reasonable manner. Upon the notice of Security Trust and Savings, summary judgment was entered against G.W. Roberts in the amount of $21,616.11. Roberts appeals here.
Although the record contains no formal order dismissing Roberts's counterclaim, nevertheless, we hold that the judgment is final and thus subject to our review, because the trial court entered a judgment in full for Security Trust and Savings. That holding implicitly denied the counterclaim; therefore, the judgment was final. See Poston v. Gaddis,372 So.2d 1099 (Ala. 1979).
Roberts filed an affidavit in support of his counterclaim, which he claims created a genuine issue of material fact. That affidavit reads as follows:
 "Before me, the undersigned authority, personally appeared G.W. Roberts, who is known to me, and who being by me first duly sworn, says on his oath as follows:
 "My name is G.W. Roberts. I am named as a defendant in the case styled Security Trust and Savings Bank of Brilliant, Alabama vs. Big R. Trucking Company, Inc., George (Billy) Roberts and G.W. Roberts.
 "To the best of my personal knowledge, all credits due to me or any of the Defendants in the above referred action have not been given by The Security *Page 676 
Trust and Savings Bank of Brilliant in the transactions which have occourred [sic] between us. I do not owe the sum of money prayed for in the above referred action. I do not believe that all the required notices have been legally and commercially carried out regarding the Mortgage and Security Agreenent [sic], or any other transaction between the defendants and plaintiff in the above referred action."
This case is similar to Day v. Merchants National Bank ofMobile, 431 So.2d 1254 (Ala. 1983). In Day, the payee bank brought an action against the maker to recover for two defaulted promissory notes. The maker presented the following affidavit to counter the plaintiff's motion for summary judgment:
 "To the best of my knowledge, information and belief, Merchants National Bank has made substantial errors in my account such that I would not believe I am indebted to the Bank in the amounts claimed in the complaint or affidavit, and I may not be indebted to the bank at all, as I have made payments which I do not believe I have been credited for. I have renewed these notes and made interest and principal payments many times since 1978 and believe the bank has made substantial errors."
In Day this Court held as follows:
 "Day's counter-affidavit, even when measured against the `scintilla rule,' fails to present a genuine issue of material fact; therefore, the bank was entitled to prevail on the motion for summary judgment as a matter of law. Rule 56 (c), ARCP.
 "Under Rule 56 (e), ARCP, an opposing affidavit must be made on personal knowledge, and must set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated. The rule is stated in Butler [v. Michigan Mutual Ins. Co., 402 So.2d 949
(Ala. 1981)]:
 `It is the rule that when a motion for summary judgment is made and is supported as provided in Rule 56, Alabama Rules of Civil Procedure, a party adverse to such a motion may not rest upon the mere allegations or denials of the pleadings and must submit facts controverting those facts presented by the moving party. Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala. 1977); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975); Glover v. Merchants Adjustment Service, 57 Ala. App. 62, 326 So.2d 129 (1976). Likewise, the affidavits must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the movant's evidence. Arrington v. Working Woman's Home, 368 So.2d 851 (Ala. 1979); Oliver v. Brock, 342 So.2d 1
(Ala. 1977). The scintilla rule cannot be satisfied by speculation and the evidence presented must be supported by at least a reasonable inference. Arrington v. Working Woman's Home, 368 So.2d 851
(Ala. 1979); Oliver v. Brock, 342 So.2d 1
(Ala. 1977).'
 402 So.2d at 952. Day never stated explicitly in his counter-affidavit that he did not owe the money as claimed by the bank, and as supported by its affidavits. Consequently, since Day's affidavit was made on mere belief, and was not based on personal knowledge, it is inadequate for purposes of Rule 56 (e), ARCP; therefore, the trial judge properly granted the bank's motion for summary judgment. Sexton v. Liberty National Life Insurance Co., 405 So.2d 18, 20 (Ala. 1981)."
Here, Roberts's allegations that the collateral was sold in a commercially unreasonable manner and that there was insufficient notice of the sale are based on mere belief and, thus, are inadequate for purposes of Rule 56 (c), Ala.R.Civ.P. Likewise, Roberts's allegations that he did not owe the money claimed by the bank or that he was not given credit for amounts already paid, are vague and general assertions which do not raise genuine issues of material fact. Sartino v. First AlabamaBank *Page 677 of Birmingham, 435 So.2d 39 (Ala. 1983). Consequently, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.