PER CURIAM.
General Leasing Corporation and Roman Casey appeál from a summary judgment granted in favor of Yokohama Tire Corporation in this action to recover damages for breach of contract. We affirm.
Yokohama Tire Corporation filed suit against General Leasing Corporation and its president, Roman Casey, guarantor on the contract, to recover $124,202.80 due by contract. Yokohama filed a motion for summary judgment, supported with the affidavit of Joseph A. Strong III. It reads as follows:
“AFFIDAVIT”
“Now comes Joseph A. Strong III of Yokohama Tire Corporation, Plaintiff in the above-styled cause, who has personal knowledge of the facts set forth in this affidavit.
“I, Joseph A. Strong III, of Yokohama Tire Corporation have under my supervision and control the books and records of Yokohama Tire Corporation and am familiar with the account of General Leas *541 ing Corporation, Inc., a corporation, and Roman Casey, individually. That upon my information, knowledge and belief the Defendant, Roman Casey, is not an infant or incompetent person.
“1. That on September 14, 1983, General Leasing Corporation, Inc., executed a contract in favor of Yokohama Tire Corporation. General Leasing Corporation, Inc., owes Yokohama Tire Corporation on this contract the sum of $124,-202.80, plus interest at the rate of 12%. As a part of said contract, General Leasing Corporation, Inc., agreed to pay a reasonable attorney’s fee and costs of Court. Attached hereto and made a part hereof is a copy of said contract which is marked as Exhibit ‘A’. [Exhibit omitted from this opinion.]
“2. That the sum of $124,202.80 is due by open account from General Leasing Corporation, Inc., and Roman Casey to Yokohama Tire Corporation.
“3. That on September 26, 1983, the Defendant, Roman Casey, individually, executed a Guaranty Agreement in favor of Yokohama Tire Corporation guaranteeing payment of General Leasing Corporation, Inc. indebtedness to Yokohama Tire Corporation in the amount of $124,-202.80 plus interest at the rate of 12%. As a part of said contract, Roman Casey "agreed to pay a reasonable attorney’s fee. Attached hereto and made a part hereof is a copy of said contract which is marked as Exhibit ‘B’. [Exhibit omitted from this opinion.]
“4. That the sum of $37,195.34 is due Yokohama Tire Corporation for a bad check plus interest at the legal rate, plus attorney’s fee. Attached hereto and made a part hereof is a copy of said check which is marked as Exhibit ‘C’. [Exhibit omitted from this opinion.]
“5. That the total sum of $124,202.80 plus interest is due and owing from General Leasing Corporation, Inc., a corporation, and Roman Casey, individually. This amount represents the amount due by contract of $87,007.46 plus a bad check in the amount of $37,195.34.”
In response, Casey filed the following counter-affidavit on behalf of both defendants:
“COUNTER-AFFIDAVIT”
“My name is Roman Casey. I am one of the defendants named in the above styled case. I am also President of General Leasing Corporation. I am familiar, as an individual and as a corporate officer of General Leasing Corporation, with the account between the Plaintiff and General Leasing Corporation.
“At the time of the seizure of tires by the Plaintiff, the account of General Leasing Corporation with the Plaintiff was current. I am attaching a memorandum, as Exhibit ‘A’ to this affidavit which reflects General Leasing’s account with Yokohama and with B.F. Goodrich was current at the time of the seizure of the tires by Yokohama. Also I am attaching to this affidavit my Application for a default judgment against Yokohama for failure to respond to my counterclaim within the time allowed by law. [Exhibit and attachment omitted from this opinion.]
“I have cancelled checks to present, not as exhibits, to this affidavit but as part of the hearing on the motion for summary judgment.”
The trial court granted the motion with the following order:
“The Plaintiff having filed a Motion for Summary Judgment against the Defendants on the 10th day of December, 1984 and by an Order entered on the 10th day of January, 1985 said Summary Judgment Motion was set for hearing this date, and the Defendants having filed no counter-affidavits but appearing at the hearing and offering a counter-affidavit, the Court permitted the filing of the offered counter-affidavit.
“The Court having duly considered the motion of the Plaintiff and the attachments thereto and having carefully examined the counter-affidavit filed by the Defendants, is of the opinion that the material submitted by the Defendants re *542 lates to dealings between the Plaintiff and some corporate entity other than the Defendant corporation, General Leasing Corporation; and that the counter-affidavit alleges no specific facts which would make a genuine issue of material fact; and the Court further being of the opinion that the affidavits submitted in support of Summary Judgment sufficiently show that as of November 2, 1984 the Defendants were indebted to the Plaintiff under the contract sued upon in an amount of $124,202.80, plus interest at the rate of twelve percent (12%) per an-num, together with an attorney’s fee as provided for by the contract sued upon, and an affidavit being submitted and un-contradicted showing that a reasonable attorney’s fee would be $21,424.98, the Court is of the opinion that Summary Judgment should be entered for the Plaintiff; it is therefore,
“Considered by the Court and ORDERED, ADJUDGED and DECREED by the Court that Summary Judgment is hereby entered for the Plaintiff against the Defendants and that the Plaintiff have and recover of the Defendants the sum of $124,202.80, plus interest at the rate of twelve percent (12%) per annum from November 2, 1984, plus $21,424.98 as attorney’s fee as provided for by the contract sued upon, together with all costs of this cause, for the collection of which let execution issue.
“This is a partial Summary Judgment relating to the Plaintiff’s claim of the Defendants alone and shall have no effect as to the Defendants’ counterclaim against the Plaintiff.
“Done in Office this the 8th day of February, 1985.” [1]
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips, 404 So.2d 614 (Ala.1981).
At the outset, we consider the attempt by the defendants to place before us evidence not in the record below. The defendants state in their brief:
“The Defendant, Roman Casey, contended through his Counter-Affidavit (R-29) that he was current in his payments to the Plaintiff. He attempted to prove this by offering cancelled checks evidencing payment to the Plaintiffs at the hearing on the Motion for Summary Judgment. The Court held that these checks related to dealings between the Plaintiff and some corporate entity other than the Defendant Corporation. The record is silent as to the account which these checks were drawn on, but I would point this Court’s attention to Exhibit ‘A’ of the Defendant’s Counter-Affidavit in response to the Motion For Summary Judgment wherein the Plaintiffs acknowledge confusion as to the exact designation of the entity dealt with and their acknowl-edgement that the Defendants were in the process of reorganizing their various tire businesses. This Exhibit also proves that the Plaintiffs believed the account was current at the time.”
A record is a written memorial of all the acts and proceedings in an action or suit in a court of record. Under Rule 56, A.R. Civ.P., a judge may consider affidavits, pleadings, depositions, answers to interrogatories, and admissions on file. The thrust of Rule 56 requires that the materials before the trial court for consideration on a motion for summary judgment be written documents. Summary judgment must be granted or denied on the record which is before the trial court at the time the motion is heard. McClendon v. City of Boaz, 395 So.2d 21 (Ala.1981). Likewise, our review is limited to matters contained within the record. American Benefit Life Ins. Co. v. Ussery, 373 So.2d 824 (Ala.1979).
*543 Although included with the defendants’ brief filed in this Court, Exhibit “A” is not attached to the counter-affidavit filed with the trial court (although the counter-affidavit stated that it was attached), and there is no reference in the record to any cancelled checks, other than that contained in the counter-affidavit. The trial court’s order, quite obviously, indicates that it did consider certain material in conjunction with the counter-affidavit. The defendants argue that the trial court was alluding to the cancelled checks. Even assuming this to be true, the cancelled checks themselves were never made a part of the record and, therefore, cannot be considered. Consequently, the defendants’ counter-affidavit is nothing more than a general assertion of non-liability. As such, it fails to set forth specific facts sufficient to raise a genuine issue for trial. Rule 56(e), A.R.Civ.P.; Sartino v. First Alabama Bank of Birmingham, 435 So.2d 39 (Ala.1983); Roberts v. Security Trust and Savings Bank of Brilliant, Alabama, 470 So.2d 674 (Ala.1985).
The judgment of the trial court is affirmed.
AFFIRMED.
■TORBERT, C.J., and MADDOX, JONES, SHORES and HOUSTON, JJ., concur.

. The order was subsequently amended to certify the judgment final pursuant to Rule 54(b), A.R.Civ.P.