Judgment for plaintiff on a promissory note for $2,468.06, plus $800 attorney's fee, and defendants appeal.
Dianne Owens filed an action in the District Court of Jackson County for breach of a promissory note against Brenda Potter and Jimmy Potter. The Potters denied owing Owens any money and asserted several affirmative defenses as well as filing a counterclaim for damages in the amount of $4,500.
A hearing was held by the district court and on September 11, 1986 it entered the following order:
 "Court finds issues in favor of the Defendants. Judgment in favor of the Defendants against the Plaintiff. Plaintiff taxed with costs. /s/ J. Haislip, Judge."
No appeal from this order was taken to the circuit court within the fourteen day appeal time (§ 12-12-70, Code 1975 (1987 Cum. Supp.)) but on October 2, 1986 Owens filed a motion to extend the time for appeal pursuant to Rule 77(d), Alabama Rules of Civil Procedure. By affidavit Owens's attorney stated that he had not received a copy of the district court's final order of September 11, 1986 and thus was unable to file notice of appeal within the required time. Counter-affidavits were filed by the Potters.
On November 19, 1986 the district court entered an order finding that Ownes's 77(d) motion was moot because it had not entered a final order on September 11, 1986. The district court then denied the Potters' counterclaim.
On November 26, 1986 Owens filed a notice of appeal to the Circuit Court of Jackson County. On January 22, 1987 the Potters asked that the appeal be dismissed as untimely. After a hearing the circuit court denied the Potters' motion to dismiss the appeal and allowed the case to proceed to trial on the merits. Judgment was entered in favor of Owens in the amount of $2,468.06 plus $800 attorney's fee. After their Rule 59(e) motion was denied, the Potters appealed.
On appeal, the Potters contend that the circuit court erred by not dismissing Owens's appeal. They say the appeal was filed too late.
As noted above, the district court's first order was entered on September 11, 1986 and the notice of appeal was not filed in the circuit court until November 26, 1986. Owens did file, on October 2, 1986, a motion to extend the time for filing notice of appeal pursuant to Rule 77(d), A.R.Civ.P.
On November 19, 1986 the district court held that the 77(d) motion was moot because it had not entered a final judgment because it had not ruled on the Potters' counterclaim. On November 26, 1986 Owens appealed this order to the circuit court. The Potters moved to dismiss the appeal as untimely.
The circuit court held that the district court's September 11, 1986 order was final and, therefore, the 77(d) motion was not moot but was, in effect, denied by the district court on November 19, 1986. We disagree.
For a judgment to be final, it must be issued by a court of competent jurisdiction and reflect a complete resolution of each and every matter in controversy. Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976). In short, the *Page 175 
judgment must be conclusive and certain. Jewell.
Finality exists only when all matters are decided.Jewell.
Accordingly, damages must be "assessed with specificity leaving the parties with nothing to determine on their own."Jewell.
In the case sub judice, Owens's complaint for breach of a promissory note and the Potters' counterclaim for damages were submitted to the district court after a hearing. When the district court entered its order on the "issues in favor of the Defendants," then it granted defendants' counterclaim for damages. See, Roberts v. Security Trust Savings, 470 So.2d 674 (Ala. 1985). However, the order failed to specifically assess the amount of those damages. Consequently, not all matters before the district court were adjudicated. Thus, there was no final judgment as of September 11, 1986.
In Roberts, our supreme court held:
 "Although the record contains no formal order dismissing Roberts's counterclaim, nevertheless, we hold that the judgment is final and thus subject to our review, because the trial court entered a judgment in full for Security Trust and Savings. That holding implicitly denied the counterclaim; therefore, the judgment was final. See Poston v. Gaddis, 372 So.2d 1099 (Ala. 1979)."
The distinction we must make between Roberts and the case before us is crucial. In Roberts, judgment was granted in full for plaintiff in a sum certain amount. Defendant Roberts's counterclaim was, thus, implicitly denied.
In this case judgment was granted on the issues for defendants. The issues being resolved in favor of the defendants, their counterclaim was implicitly granted. However, the judgment failed to reflect the defendants' damages award. Without an assessment of the damages, the judgment was not final as of September 11, 1986.Jewell.
The district court's only final, and, consequently, appealable judgment was entered on November 19, 1986. Owens then appealed this judgment November 26, 1986 — within the fourteen day time limit prescribed by section 12-12-70, Code 1975 (1987 Cum.Supp.). The circuit court thus had jurisdiction of the case and, as a result, this court also has jurisdiction of the matter. The motion to dismiss was properly denied by the circuit court. Inasmuch as the circuit court reached the right conclusion on the motion to dismiss — although for the wrong reason — its order will be upheld. Bennett v. Bennett, 454 So.2d 535 (Ala. 1984). We now turn to the merits of the appeal.
The Potters first assert that their counterclaim for damages was improperly denied, as the trial court refused to give them pro tanto relief for a partial failure of consideration. Pursuant to section 7-3-408, Code 1975:
 "Partial failure of consideration is a defense pro tanto whether or not the failure is an ascertained or liquidated amount."
In other words, this defense recognizes that the consideration is sufficient to sustain the note. Parkerv. McGaha, 291 Ala. 339, 280 So.2d 769 (Ala. 1973). However, as a result of partial failure of consideration, recovery under the note should be reduced. Parker.
We have examined the record and find that the Potters are not entitled to reduce their debt pursuant to the defense of partial failure of consideration. When Owens conveyed the beauty shop business to the Potters, she conveyed to them all "her right, title, interest and possession in and to the following property to Buyer: 12 X 15 portable building attached to leased trailer on the premises of Jay's Barbeque on Highway 79 South in Scottsboro, Alabama."
The prevailing principle in this state is that the grantee of an estate takes no greater estate in the property than the grantor can convey. Wise v. Watson, 286 Ala. 22,236 So.2d 681 (Ala. 1970). Further, a warranty of title may be modified by specific language or circumstances which cause a buyer to realize that the seller only *Page 176 
purports to transfer the title he has. § 7-2-312(2), Code 1975.
When Owens transferred the portable building to the Potters, both the specific language of the deed and the circumstances attendant to the transfer made the Potters aware of the building's connection to the trailer. Owens obviously did not own the trailer, nor did she purport to own it. However, the portable building was a permanent attachment to it. When she conveyed the building to the Potters, they received no greater interest in it than Owens could convey. There being no valid claim of partial failure of consideration, we affirm the court's finding that the Potters are in default on the note.
Finally, we recognize that the Potters assert legal fraud by Owens in the sale of the building. However, our examination of the record reveals no false representation. Owens only purported to convey the interest she had in the building. As a judgment for fraudulent misrepresentation must establish that a false representation was made — and there being none — the Potters' claim is without merit.Dickinson v. Moore, 468 So.2d 136 (Ala. 1985).
AFFIRMED.
HOLMES and INGRAM, JJ., concur.