This is an appeal from a summary judgment granted in favor of the defendants, World Omni Financial Corporation and American Lenders Service Company of Mobile, Inc., in a case arising out of the alleged wrongful repossession of an automobile. We affirm.
On February 21, 1984, Byron Stacy Flanagan, Jr., purchased a new 1984 Mazda automobile from Westbay Auto Imports in Mobile, Alabama. He signed a "retail installment sales contract and security agreement" with Westbay whereby he agreed to pay the unpaid balance due for the purchase of the Mazda automobile in 48 installments of $203.15 per month, with each payment due on the 22d day of the month, and granted to Westbay a purchase money security interest in the automobile under the Uniform Commercial Code. Payments were to commence in March 1984. Contemporaneous with its execution, the contract was assigned to defendant World Omni.
The following is a summary of the payments made by Flanagan as those payments are recorded on World Omni's payment record:
Date Date Payment ReceivedPayment Due And Credited By World Omni
March 22, 1984 April 2, 1984 April 22, 1984 April 20, 1984 May 22, 1984 May 21, 1984 June 22, 1984 June 15, 1984 July 22, 1984 August 1, 1984 August 22, 1984 August 30, 1984 Sept. 22, 1984 October 2, 1984 October 22, 1984 November 2, 1984 November 22, 1984 November 29, 1984 December 22, 1984 January 8, 1985 January 22, 1985 Extended on February 28, 1985 February 22, 1985 April 12, 1985 March 22, 1985 May 1, 1985 April 22, 1985 May 1, 1985 May 22, 1985 June 3, 1985 June 22, 1985 July 31, 1985 July 22, 1985 September 5, 1985 August 22, 1985 October 29, 1985 Sept. 22, 1985 November 11, 1985 October 22, 1985 December 2, 1985 November 22, 1985 January 6, 1986 December 22, 1985 February 27, 1986 January 22, 1986 April 4, 1986 February 22, 1986 May 7, 1986 March 22, 1986 June 19, 1986 April 22, 1986 July 22, 1986 May 22, 1986 August 18, 1986 June 22, 1986 October 17, 1986 July 22, 1986 August 22, 1986 Sept. 22, 1986 October 22, 1986
Payments were received and credited for all of 1984. In 1985, Flanagan received a one-month extension for the January payment; this payment was then moved to the end of the payment period. The next payment, received in April 1985, was applied to *Page 250 
the monthly payment due for February. In May 1985, Flanagan made a double payment, leaving him only one payment behind. Thereafter, payments were made in June, July, and August. No payment was received in September 1985, which put Flanagan two months behind. In November, a representative of World Omni contacted Flanagan regarding these two delinquent payments. Flanagan's deposition regarding that conversation is as follows:
 "Q. Tell me everything you can remember about the conversation you had with somebody at World Omni in which you say you were told that you could continue to make your payments running two months behind?
 "A. I told the man I wasn't making enough money to catch my payments up but I was making enough money now to pay my payments.
 "And he said: Okay. He says: 'You need to catch those payments up when you can, as soon as you can. And if you get another payment behind we are going to have to come get the car.' "
Thereafter, Flanagan missed a payment in March 1986 and again in September 1986, making him four months behind. On November 11, 1986, American Lenders, as agent for World Omni, repossessed the automobile.
Flanagan sued World Omni and American Lenders. In Count One, he alleged that American Lenders trespassed on his father's property when it repossessed the Mazda.[1] In Count Two, Flanagan alleged a wrongful taking and conversion of the Mazda. In Count Three, he alleged that World Omni recklessly, wantonly, and/or negligently reported the involuntary repossession to various credit bureaus and that this action resulted in Flanagan's being denied credit from other financial institutions and caused damage to his reputation in the community. Flanagan alleged in Count Four that an agent of World Omni fraudulently misrepresented to him that World Omni would continue to accept payments as they came due and would not repossess the Mazda.
The trial court granted summary judgment for World Omni and American Lenders. Flanagan appeals.
At this point, we should note that this action was commenced after June 11, 1987; therefore, the applicable standard of review is the substantial evidence rule. See Ala. Code 1975, § 12-21-12. However, as the following discussion will show, Flanagan failed to offer even a scintilla of evidence in support of each element of his causes of action, to rebut the defendants' prima facie showing that they were entitled to a judgment as a matter of law.
Count Two of Flanagan's complaint alleges a wrongful taking and conversion of the Mazda. To sustain an allegation of conversion, the plaintiff must be able to show "a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse." Ott v.Fox, 362 So.2d 836, 839 (Ala. 1978).
 "The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, when the plaintiff has a general or special title to the property and possession or the immediate right of possession. A plaintiff cannot recover in an action of trover unless at the time of the conversion, he or she had a general or special right to the property and possession or an immediate right of possession."
McCain v. P.A. Partners Limited, 445 So.2d 271, 272 (Ala. 1984). It is well settled, however, that upon default, a secured creditor is authorized to retake possession of the collateral by self-help, provided he does not breach the peace.General Finance Corp. v. Smith, 505 So.2d 1045 (Ala. 1987). Furthermore, prior notice is generally not required to take possession. Ala. Code 1975, § 7-9-503. *Page 251 
On appeal, Flanagan argues that he was not in default at the time of repossession. He contends that he was not more than two payments behind when the Mazda was repossessed, and that World Omni had told him that he could remain two payments behind so long as he did not miss any additional payments.
Flanagan did not produce a single cancelled check or receipt for any specific payment that he contends was not properly credited to his account by World Omni. Flanagan did not refute World Omni's payment record, for when questioned about this, he responded as follows:
 "Q. All right. Can you tell me this: How can you show us that you were only two payments behind in November of '86? In other words, what can you point my attention to to show me that you were only two payments behind in terms of some documents?
"A. I don't have any at this time."
This Court has repeatedly held that a party's vague, general assertion that payments have been made cannot defeat a motion for summary judgment. G.W. Roberts v. Security Trust SavingsBank of Brilliant, 470 So.2d 674 (Ala. 1985); Sartino v. FirstAlabama Bank of Birmingham, 435 So.2d 39 (Ala. 1983); Day v.Merchants National Bank of Mobile, 431 So.2d 1254 (Ala. 1983).
In Sartino, supra, the debtor attempted to oppose a motion for summary judgment by filing an affidavit that stated, inter alia, that "there have been payments on this claim . . . that have not been credited to the account." In affirming the summary judgment, this Court rejected this type of vague, conclusory assertion regarding payments:
 "A careful examination of these affidavits convinces us that they do not contain specific facts. To the contrary, all of them amount to vague and general assertions, such as 'it was never intended to be a personal obligation.' There are assertions of payments 'apparently' never credited. . . . These assertions do not raise genuine issues of material fact so as to prevent summary judgment. Neither Sartino nor Stephens . . . identified any payment not credited to the account."
435 So.2d at 41.
Likewise, in Roberts, supra, the debtor filed an affidavit in support of his counterclaim, in an effort to defeat a motion for summary judgment, in which he stated "that he was not given credit for amount already paid." 470 So.2d at 676. This Court affirmed the summary judgment on the ground that the assertions made were vague and general and were not sufficient to create a genuine issue of material fact. Thus, Flanagan's assertion that he made every payment after receiving the extension was not sufficient by itself to create a genuine issue of material fact. We hold, therefore, that the trial court did not err in granting summary judgment to World Omni and American Lenders on the conversion count.
Flanagan also argues that World Omni "recklessly, wantonly and/or negligently reported the involuntary repossession to various credit bureaus." The only evidence before the court when summary judgment was granted was that Flanagan had been turned down by Ford Motor Credit Company when trying to finance the purchase of an automobile. There was nothing before the trial court to indicate that World Omni or American Lenders had recklessly, wantonly, or negligently reported the involuntary repossession. We find that Flanagan failed to produce any evidence of each element of this cause of action. Therefore, summary judgment was appropriate.
Flanagan next argues that an agent of World Omni fraudulently misrepresented that it would not repossess the Mazda and would continue to accept payments as they came due provided Flanagan did not miss any additional payments. To be actionable fraud, a statement must misrepresent a material fact and lead another to act to his detriment. Code 1975, §§ 6-5-100, 6-5-101; American Pioneer Life Insurance Co. v.Sherrard, 477 So.2d 287 (Ala. 1985). The statement made by World Omni's agent was not fraudulent. The *Page 252 
agent merely stated that World Omni would not repossess the automobile so long as no further payments were missed. Further payments were missed, and the automobile was repossessed.
Having thoroughly examined the record in a light most favorable to the non-movant, we can find no genuine issue as to any material fact regarding Flanagan's fraud claim. The trial court, therefore, did not err in granting summary judgment in favor of World Omni and American Lenders as to the fraud count.
In addition, Flanagan argues that, since World Omni continued to accept payments for approximately nine months after agreeing to a two-month extension, it was equitably estopped from asserting its right to repossess the automobile without first giving notice.
As previously stated, it is well settled that upon default a secured creditor is authorized to retake possession of the collateral by self-help, provided he does not breach the peace, General Finance Corp. v. Smith, supra, and prior notice is generally not required to take possession, Code 1975, § 7-9-503.
However, the issue before us is whether World Omni's conduct was such that Flanagan had a right to believe that his automobile would not be repossessed without further notice, so that World Omni is now estopped from asserting its statutory and contractual right to repossess the collateral. The doctrine of equitable estoppel may be invoked to bar a party from enforcing a contract where, because of certain conduct of that party, enforcement would work an injustice.Bank of Huntsville v. Witcher, 336 So.2d 1384 (Ala.Civ.App. 1976).
In Bank of Huntsville, supra, the debtor requested and received an extension of his payments on two separate occasions. The debtor testified that he then called the bank and requested a third extension and was waiting to hear from the bank when the automobile was repossessed. The court held that the bank's past conduct created a situation whereby the debtor was justified in believing that the third extension would be granted; therefore, the ban] was estopped from repossessing the automobile without giving the debtor prior notice.
Here, Flanagan contends that he had right to believe that World Omni would no repossess the automobile if he continued to make his payments two months behind (i.e. because of the two-month extension) Flanagan clearly understood the consequences of missing any more payments, as evidenced by his deposition testimony:
 "Q. What I am asking you is when you got off the phone with the guy [at World Omni], was it your understanding that if you got more than two payments behind they [World Omni] were going to come get your car?
"A. Yes, sir."
Had Flanagan remained only two months behind, World Omni would have been estopped from repossessing. Auto-Plaza Inc. v.Central Bank of Alabama, N.A., 394 So.2d 6 (Ala. 1980). However, World Omni's payment records show that Flanagan missed two more payments, and Flanagan presented no evidence to the contrary.
We hold that World Omni was not estopped from asserting its right to repossess.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] This portion of the suit was dismissed by stipulation of the parties and is not before the Court on appeal.