SHAW, Judge,
dissenting.
I cannot agree to effectively abrogate a criminal defendant’s statutory right to appeal a district court’s judgment to the circuit court for a de novo jury trial. Therefore, I must respectfully dissent.
Rule 30.1(a), Ala.R.Crim.P., provides:
“(a) Trial De Novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.”
The Committee Comments to Rule 30.1 state, in pertinent part:
“Under the Judicial Article Implementation Act, the circuit court has jurisdiction of appeals from municipal and district courts. Ala.Code 1975, § 12-11-30.
“The right to appeal from a judgment of a municipal or district court to the circuit court is purely statutory. The right is granted to those parties in a municipal court case in the Judicial Article Implementation Act, Ala.Code 1975, § 12-14-70, and in district court cases under Ala.Code 1975, §§ 12-12-70 and 12-12-71. Ala. Code 1975, § 12-12-72, provides for appeals directly to the appellate courts in certain cases. See, also, §§ 12-12-70(b) and (d).
“Pursuant to Ala.Code 1975, § 12-14-70, a defendant may appeal from the entry of a municipal court judgment in ‘any case.’ Ala.Code 1975, § 12-12-70, provides that in a criminal or quasi-criminal case tried in district court, the defendant may appeal from a final judgment. ‘For a judgment to be final, it must ... reflect a complete resolution of each and every matter in controversy.... In short, [it] must be conclusive and certain.’ Potter v. Owens, 535 So.2d 173, 174 (Ala.Civ.App.1988).
“The term ‘convicted’ in section (a) is used in its usual sense to connote a final judgment on a judicial finding of guilt or a plea of guilty; therefore, pursuant to this rule, the defendant in a criminal case shall be allowed to appeal to the circuit court for a trial de novo even after entering a plea of guilty in district or municipal court. See ABA, Standards for Criminal Justice, Criminal Appeals 21 — 1.3(a)(iii) (2d ed.1986). This procedure follows present practice authorizing an appeal from ‘a final judgment’ under § 12-12-70 and an appeal ‘in any case ... from entry of judgment’ pursuant to § 12-14-70 and specifically supersedes Ala.Code 1975, § 15-15-26, prohibiting appeal following a guilty plea.”
(Emphasis added.)
As the Committee Comments note, Rule 30,1 is a general statement of the statutory right of appeal granted a defendant convicted in the district court. See generally H. Maddox, Alabama Rules of Criminal Procedure § 30.1 (4th ed.2004). That right of appeal is set out in § 12-12-70, Ala.Code 1975, which reads, in pertinent part, as follows:
“(b) Criminal cases. — A defendant may appeal from a final judgment of the district court in a criminal or quasi-criminal case by filing notice of appeal within 14 days from the date of judgment or from the date of denial of a post-trial motion, whichever is later, to *137 gether with such bond as may be fixed by the court, conditioned upon the defendant’s appearance before the circuit court; provided, however, that the court may authorize the defendant’s release on his own recognizance without any undertaking relating to or deposit of security.”
Section 12-12-71, Ala.Code 1975, sets out the right to de novo review by a jury:
“Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.
“An appellant shall not be entitled to a jury trial in circuit court unless it is demanded in the notice of appeal, and' an appellee shall have no right to a jury trial unless written demand is filed in circuit court within 14 days of service upon him of notice of appeal.”
Section 12-11-30(3), Ala.Code 1975, also defines the scope of the circuit court’s appellate jurisdiction:
“Appellate. The circuit court shall have appellate jurisdiction of civil, criminal, and juvenile cases in district court and prosecutions for ordinance violations in municipal courts, except in cases in which direct appeal to the Courts of Civil or Criminal Appeals is provided by law or rule. Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law.”
(Emphasis added.)
Under Rule 30, a defendant like Sorsby, convicted of an offense in the district court, whether pursuant to a final judgment entered on a judicial finding of guilt or a plea of guilty, has the right to appeal the judgment to the circuit court for a trial de novo, whether by a jury or by the court, provided that the prerequisites set out in Rule 30.3 are satisfied. It appears to me that Sorsby timely perfected his appeal to the circuit court in accordance with Rule 30.3 and demanded a trial by jury, thereby forgoing the option provided by Rule 30.6, Ala.R.Crim.P., of stipulating to a specific question of law for the circuit court to resolve.[6] Therefore, I see no legal basis for issuing the writ of mandamus directing the circuit court to dismiss Sorsby’s de novo appeal.
The majority holds that Rules 14.4(a)(l)(viii) and 26.9(b)(4), Ala.R.Crim. P., as amended effective August 1, 2002, limit the right to appeal a judgment entered on a guilty plea from the district court to the circuit court and that that right is not triggered, even in a case like this one where a de novo jury trial is requested, unless the defendant reserves a specific legal issue for resolution by the circuit court or moves to withdraw the guilty plea. The gravamen of the majority’s position is that by revising the rules that relate to guilty pleas, with the exception of Rule 30.1, the Alabama Supreme Court “evidenced an intent to apply the limited right to appeal a guilty plea to all guilty pleas, no matter how minor the charge to which the defendant is pleading and no matter what court is accepting the plea.” 12 So.3d at 133. Basically, the majority assumes that the Alabama Supreme Court simply overlooked Rule 30.1 when it amended Rules 2.2(e), 14.4(a), and 26.9(b)(4). I cannot make that assumption.
The right to appeal a district court conviction to the circuit court for de novo *138 review rests on statutory grounds. See the cases collected at 1 Ala. Digest 2d Appeal & Error § 1 (1993). Likewise, the scope of the circuit court’s appellate jurisdiction is defined by statute to require de novo review. The majority assumes that the Alabama Supreme Court intended for its amendments to Rules 14.4(a) and 26.9(b)(4) also to apply to, and to modify, Rule 30.1, even though Rule 80.1 was not amended and even though the application of those amended rules to Rule 30.1 has the effect of abrogating the right to de novo review in the circuit court. I believe that the constitutionality of such action on the part of the Alabama Supreme Court would be questionable in light of Alabama’s separation-of-powers doctrine. See §§42 and 43, Ala. Constitution of 1901. This is necessarily so because requiring the reservation of a specific legal issue or the filing of a motion to withdraw the guilty plea as a prerequisite to the right of appeal to circuit court necessarily limits review in the circuit court to the specific legal issue reserved[7] or to the issue whether the district court’s ruling on the motion to withdraw the guilty plea constituted an abuse of discretion. The authority of the circuit court to conduct a de novo review of a district court’s judgment entered on a guilty plea, whether by the circuit court itself or the empaneling of a jury, is eliminated. Although Art. VI, § 150, of the Alabama Constitution confers authority on the Supreme Court to make and to promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts, that section specifically prohibits the Court from promulgating any rule that “affectfs] the jurisdiction of circuit ... courts....” I must assume that the Supreme Court is very much aware of any constitutional restrictions on its rulemaking authority.
To me, it is nonsensical to hold, as the majority does, that Sorsby cannot obtain de novo jury review in the circuit court because he failed to reserve a specific legal issue for resolution by the circuit court or failed to move to withdraw his plea in the district court. By definition, a trial de novo means that the slate is wiped clean and a trial in the circuit court is had without any consideration being given to prior proceedings in another court. See Hulsey v. State, 866 So.2d 1180 (Ala.Crim. App.2003). Indeed, I expect that many defendants opt to plead guilty in the district court for the sole purpose of expediting the appeal process to the circuit court, where they may request a jury trial.
Given that Rule 30 has not been amended; that Rule 30.6 already provides a procedure by which a defendant convicted on a guilty plea in the district court can present specific questions of law to the circuit court; and that the restriction of the scope of a circuit court’s appellate jurisdiction raises substantial issues under Alabama’s separation-of-powers doctrine, I believe that the Supreme Court’s amendments to Rules 14.4(a) and 26.9(b)(4) were more likely intended to be procedural prerequisites to the right of appeal to an appellate court, whose function it is to resolve specific questions of law, not a means by which to abrogate de novo review of a district court conviction by a circuit court exercising statutory appellate jurisdiction. It seems to me that if the Supreme Court had intended for its amendments to Rules 14.4(a) and 26.9(b)(4) to be as broadly applicable as the majority holds, the Court would have made that intent clear by amending Rule 30.

. Rule 30.6 provides:
“In an appeal to the circuit court from a district or municipal court, the parties may stipulate to the questions of law or fact involved and the circuit court may in its discretion rule on the stipulations alone; provided, however, that the right to a jury trial is waived by all parties entitled to a trial by jury.”

. Pursuant to Rule 14.4(a)(l)(viii), when a specific issue or issues are reserved for appeal "appellate review shall be limited to a determination of the issue or issues so reserved."