SHORES, Justice.
This is an appeal from a summary judgment granted in favor of First Colbert National Bank (hereinafter Bank) and against Leonard Davis (Davis) for money due on a promissory note.
Briefly, the facts reveal that, on August 21,1979, Steven W. Cox (Cox) and Davis, as co-makers, executed a promissory note with the Bank in the principal amount of $17,-886.43, for a term of 182 days and at a rate of interest of twelve percent per annum.
The note was not paid and, on May 8, 1980, the Bank sued Cox and Davis on the note. Davis filed an answer; Cox did not. Default judgment was entered against Cox on June 18, 1980.
On July 3, 1980, the Bank, pursuant to the terms of the promissory note, applied to the payment of the debt proceeds from certificates of deposit held by the Bank to the account of Davis. Thereafter, on July 9, 1980, the Bank filed a motion to dismiss the action as to Davis, which the court granted on July 14, 1980. However, on August 12, 1980, Davis’s motion to reinstate the case was granted by the court.
Davis later filed a counterclaim wherein he claimed $50,000 as damages, alleging that on the date that Davis co-signed the note, the Bank had loaned various other sums of money to Cox and that the Bank failed to disclose such facts to Davis, which caused Davis to act to his detriment. Davis also alleged that, as the result of the failure to disclose such facts to him, he was caused to incur doctor bills, hospital bills, and bills for medicine and treatment due to physical problems caused by having to repay the loan. Davis further claimed that the Bank confiscated some certificates of deposit held by the Bank for Davis without notice to Davis and without a request for him to pay the promissory note from other funds due to him, thereby causing him to lose interest upon the certificates of deposit and unjustly enriching the plaintiff. Davis also claimed restitution of sums confiscated from him, including interest and early withdrawal penalties. The Bank answered and pleaded the general issue.
The Bank then filed a motion for summary judgment together with a supporting affidavit wherein the affiant stated:
“1. My name is Jerry Wages and I am an officer of First Colbert National Bank, the plaintiff in this action, and I am authorized to represent the plaintiff. I have personal knowledge of the promissory note executed by Steven W. Cox and Leonard Davis to First Colbert National Bank on August 21, 1979.
“2. The amount of the loan referred to above was $17,886.43, plus interest.
“3. The total amount of principal, plus interest, due on the note as of the 3rd day of July, 1980, is $19,750.54. This figure does not include a reasonable attorney’s fee, which is provided for in the note.”
The court found that no genuine issue as to any material fact existed and rendered judgment against Davis in the amount of $19,992.54, together with costs. This appeal followed. We affirm.
The only issue presented on this appeal is whether the court properly granted summary judgment.
Rule 56(e), Alabama Rules of Civil Procedure, states:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.”
*1105 Davis made a fatal procedural error by resting on his pleadings once the Bank filed a motion for summary judgment along with the supporting affidavit. There is no error here.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.