BEATTY, Justice.
Appeal by defendants from an order granting summary judgment for plaintiff in an action based upon a promissory note. We affirm.
The plaintiff bank made a loan of money to the defendants, who executed a promissory note, secured by a mortgage on real estate and payable to the bank in the principal amount of $35,472.48, with interest thereon at the rate of 18% per annum. The note was dated February 4, 1982, and was due August 3, 1982. Defendants defaulted on their payment of the note, whereupon the bank initiated foreclosure proceedings. At a public sale held on December 20,1982, the bank bid in the property for $12,000.00. This action was then filed, alleging that “Defendants owe to Plaintiff the sum of Twenty-nine Thousand Seventy and 33/100 Dollars ($29,070.33) that is due on said note and interest,” and demanding that sum. Defendants' motions to dismiss were denied. Thereafter each defendant filed an answer and counterclaims seeking a court order requiring that the property be resold in separate parcels, alleging that the sale had not been conducted in good faith or in a commercially reasonable manner.
Plaintiff then moved for summary judgment. This motion was supported by the affidavit of Guy F. Medley, the bank’s chief executive officer. Following a hearing, this motion was granted and judgment entered against the defendants in the amount of $33,430.88.
Defendants argue two points in contending that summary judgment was improper. First, they maintain that there was an issue of fact on the good faith of the plaintiff bank in conducting the sale. This follows, defendants insist, from the fact that even after giving defendants credit for the amount of the sale, $12,000.00, the bank still claimed $35,472.48, which was the amount of the original note. Additionally, defendants assert that the trial court itself must have given the defendants’ counterclaim some credit against the amount claimed by Medley’s affidavit, i.e., $35,-472.48, because the judgment entered was for the amount of $33,480.88. According to defendants, this indicates that the trial court decided that plaintiff had not acted in good faith, and thus improperly decided an issue of fact upon a summary judgment motion.
Defendants’ second point also concerns an allegation of bad faith on the part of the plaintiff bank in conducting the sale of the real estate, which consisted of two noncon-tiguous tracts. The argument here is that the bank acted in bad faith by selling the property together instead of separately, which, it is argued, would have brought a higher sales price. Defendants argue that the trial court, on motion for summary judgment, made a decision upon this question of fact.
It is, of course, axiomatic that a motion for summary judgment tests the evidence under the scintilla rule to determine whether there is a genuine issue of material fact. Matthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935 (Ala.1980); Coggin v. Starke Brothers Realty Co., 391 So.2d 111 (Ala.1980). When such a motion is made and supported, the adverse party may not stand on the mere allegations or denials of the pleadings, but must submit facts controverting those facts presented by the moving party. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala.1981).
*1330 In this case, the plaintiff bank supported its motion for summary judgment with Medley’s affidavit, which follows:
' “1. I am the Executive Officer of Henry County Bank (now Southland Bank) and as such, I have personal knowledge of all pertinent facts concerning the above-captioned case.
“2. Defendants, on or about the 4th day of February, 1982, did execute and deliver to Plaintiff two promissory notes [sic], a copy of which is attached to the Complaint, and did agree to pay a reasonable attorney’s fee for collection and waived exemption from execution.
“3. Defendants did default on said promissory note.
“4. After Defendants defaulted on said promissory note, the Plaintiff did proceed to advertise and sell at foreclosure sale 16.459 acres of real estate which Plaintiff held as security for said promissory note by virtue of a mortgage recorded at Mortgage Record No. 337 at Pages 790-791, Probate Office, Henry County, Alabama.
“5. That at said foreclosure sale held on the 20th day of December, 1982, Plaintiff did sell according to the terms of said mortgage and notice given, the property described in said mortgage for the total sum of $12,000.00.
“6. That the Plaintiff was the highest, best and last bidder at said foreclosure sale and did purchase said property for the total sum of $12,000.00. Said sum was a fair market value.
“7. That the defendants did not make an appearance at said foreclosure sale.
“8. That the indebtedness of the Defendants to Plaintiff, after credit given for the net proceeds of the foreclosure sale, is $35,472.48.
“9. Defendants have failed to make any payments or offer any acceptable plan of repayment on their debt.
“10. As such, Plaintiff filed suit against Defendants for the balance due on said note of $35,472.48 plus interest, attorney’s fee and costs.
“11. That I make this affidavit in support of Henry County Bank’s (now Southland Bank) Motion for Summary Judgment.”
This affidavit recites that the sale was held in accord with the mortgage and note; that plaintiff was the highest, best and last bidder; that the $12,000.00 purchase price represented a fair market value; that the defendants made no appearance at the sale; that the defendants agreed in the promissory note to pay a reasonable attorney’s fee, interest, and costs; and that the indebtedness, after credit for the proceeds of the sale, was $35,472.48.
To this affidavit in support, the defendants made no reply. The hearing on the motion in fact took place on May 6, 1983, without anything further from defendants. Some seven and one-half months elapsed from that date before the motion was granted on November 23, 1983, without any evidence having been offered by defendants in opposition. Under Rule 56(e), A.R.Civ.P., if the adverse party does not respond to the motion, which is supported by affidavits or otherwise, setting forth specific facts showing a genuine issue for trial, “summary judgment, if appropriate, shall be entered against him.”
According to the affidavit submitted in support of the bank’s motion, the sale was conducted properly and the proceeds applied to the indebtedness. Given the fact that the defendants were liable for an attorney’s fee, interest, and costs, there was nothing offered to controvert the amount of the trial court’s award. The defendants’ mistake was to rest upon their pleadings after the bank filed its summary judgment motion. Davis v. First Colbert National Bank, 413 So.2d 1103 (Ala.1982); Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980); Twine v. Liberty National Life Ins. Co., 294 Ala. 43, 311 So.2d 299 (1975).
Let the judgment be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and EM-BRY, JJ., concur.