This is an appeal from a summary judgment entered in favor of George Washington Deas and made final pursuant to Rule 54(b), A.R.Civ.P., in a co-employee suit brought under the third-party provisions of the Workmen's Compensation Act (Ala. Code, 1975, § 25-5-11). We affirm.
Timothy Todd Rice was injured on August 13, 1984, while employed by Deas Tire Company, Inc., in Mobile, Alabama. Rice was operating a Bandag Model III Tread Knife, which is used to cut rubber strips to make tires, when he cut off the fingers of his left hand.
At the time of Rice's injury, George Washington Deas was the president an chief executive officer of Deas Tire Company, Inc., an Alabama corporation, and Deas Tire Company, a Mississippi corporation. Deas Tire Company, Inc., operates one store in Alabama, the store in Mobile at which Rice was injured.
In determining the propriety of a summary judgment, this Court is limited in its review to the same factors considered by the trial court in initially ruling on the motion.General Leasing Corp. v. Yokohama Tire Corp., 480 So.2d 540
(Ala. 1985); Ex parte Bagby Elevator Electric *Page 221 Co., 383 So.2d 173 (Ala. 1980). In the instant case, the only evidence before the trial court at the time of the submission of the motion for summary judgment was the pleadings, the answers to interrogatories, the answers to requests for production, and the affidavits of Deas and Rice.
In order for a movant to be entitled to a summary judgment, he must show that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Powell v. South Central Bell Telephone Co.,361 So.2d 103 (Ala. 1978). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon the mere allegations or denials of the pleadings, but must submit specific facts controverting those facts presented by the moving party. Rule 56(c); Lantrado, Inc. v. Henry CountyBank, 452 So.2d 1328 (Ala. 1984).
In addition to the above, this Court has stated:
 "Liability of a co-employee must be predicated upon the breach of a personal duty owed to the injured employee and not upon general administrative responsibilities of the third-party co-employee defendant. It is insufficient, for example, to merely allege and prove a generalized duty of a co-employee to provide the injured employee with a reasonably safe place to work. An employee is not liable for injuries to another employee because of the failure of the employer to furnish a safe place to work or suitable appliances or instrumentalities. 57 C.J.S. Master and Servant
§ 578 n. 33, and accompanying text at 350.
 "The burden is upon the injured party to prove with specificity the defendant's delegated or assumed duty and its breach for which recovery is sought. The position he occupies, without more, cannot serve as a basis for a co-employee's liability."
Fireman's Fund American Insurance Co. v. Coleman,394 So.2d 334, 347 (Ala. 1980) (Jones, J., concurring in the result). See also Kennemer v. McFann, 470 So.2d 1113 (Ala. 1985); Welch v.Jones, 470 So.2d 1103 (Ala. 1985); Fontenot v. Bramlett,470 So.2d 669 (Ala. 1985).
The affidavit of Deas was submitted in support of his motion for summary judgment. Deas stated in his affidavit that his duties included the customary administrative responsibilities of a president of a corporation of this type; that he spent the majority of his time at his office in Gulfport, Mississippi; that he occasionally visited the Mobile store but was not present at the time of Rice's injury; that he did not direct employees such as Rice in the performance of their jobs, but delegated that duty to the store manager, who delegated it to the particular employee's supervisor. Deas's answers to Rice's interrogatories showed that the only persons who inspected the tread machine within a year prior to Rice's injury were John R. Lake, a representative of Bandag, Inc., the manufacturer of the machine, and those employees who operated the machine. Those answers also showed that Deas never participated in any safety meetings or classes held by Deas Tire Company or any of its officers or supervisory employees during the year preceding the accident.
To counter the motion for summary judgment, Rice offered his own affidavit as follows:
 "My name is TIMOTHY TODD RICE. I am the Plaintiff in the Lawsuit styled TIMOTHY TODD RICE VS. J.D. STEWART, et al., Civil Action Number: CV-84-002422.
 "The Defendant, George W. Deas, was the President of Deas Tire Company, Inc. at the time of the accident referred to in the complaint and was in charge or responsible for furnishing me with safe tools to work with and a safe place to work. The Defendant, George W. Deas, failed to furnish me with a safe place to work, thus he is responsible."
Since this affidavit does not present specific facts controverting the facts presented by Deas, is conclusory in nature, and merely repeats the allegations of the complaint, it creates no genuine issue of material *Page 222 
fact. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.