STEAGALL, Justice.
Robert and Rebecca Barron appeal from a summary judgment granted in favor of the defendants, Construction One, Clayton Campbell, and G.W. McPherson. We affirm.
This suit arises out of a construction site accident occurring on March 19, 1984, involving Robert Barron. At the time of the accident, Barron was employed as a sheet metal worker by Associated Mechanical Contractors, Inc. (“AMCO”), and was working at the George Wallace. Vocational School in Auburn, Alabama. AMCO was the subcontractor for Construction One for the plumbing, heating, and air-conditioning work at this job site.
Robert Barron sued, based on personal injuries, and his wife Rebecca sued for loss of consortium. They sued Construction One, the general contractor; Bobby Gamble, the job superintendent for Construction One; Clayton Campbell, the vice-president of AMCO in charge of process piping and plumbing; G.W. McPherson, the vice-president of AMCO in charge of sheet metal work; and David Payne, the job superintendent for AMCO in charge of pipe fitting and plumbing. Bobby Gamble was never served with process and never appeared in the action. On the basis of the pleadings and depositions, a summary judgment was granted in favor of David Payne and Clayton Campbell on January 16, 1986. On March 13, 1986, the affidavit of Luther Barron was filed in opposition to the motions for summary judgment filed by the remaining defendants. On September 15, 1986, summary judgment was granted in favor of the remaining defendants, Construction One and McPherson. The trial court’s order also included Campbell, although summary judgment had been granted in his favor on January 16, 1986. The Barrons appeal from the summary judgments granted in favor of Construction One, Campbell, and McPherson.
The complaint alleged that the defendants were negligent and/or wanton by failing to provide Robert Barron a safe place to work, failing to provide safe equipment, failing to warn Barron of the dangers associated with the use of the equipment provided, failing to properly maintain the equipment in a safe condition, and failing to provide proper inspections of the equipment and premises.
Robert Barron was a foreman for AMCO in charge of sheet metal work with respect to heating and air-conditioning systems. He had been employed with AMCO for approximately 16 years. As a part of his regular duties, he was required to use ladders to install sheet metal duct work. While standing on an eight-foot wooden ladder installing duct work, Barron fell onto a concrete floor, incurring injuries. Barron testified that the ladder he was using was old and somewhat shaky, but that he did not consider it to be dangerous. He also testified that he did not know what caused him to fall. He could not say whether the ladder slipped or broke or whether he fell because of the condition of the ladder.
*1353 Luther Barron, Robert Barron’s father, was working as Robert’s “helper” at the time of the accident. Although Luther did not see Robert fall, he inspected the ladder after the accident. He stated that Robert’s tools, which included a cable and a cord, were tangled up around the ladder. He also stated that the rear leg of the ladder was broken at a point where it had been spliced together with nails. Luther stated that this was the same ladder that he had used the day before and that he had fallen off this ladder and afterwards had thrown it into a junk pile.

Construction One

This Court has held that a general contractor has no liability to an independent subcontractor’s employee unless the general contractor has retained possession or control of the premises. Knight v. Burns, Kirkley & Williams Construction Co., 331 So.2d 651 (Ala.1976).
In Elder v. E.I. Du Pont De Nemours and Co., 479 So.2d 1243 (Ala.1985), the trial court instructed the jury that the general contractor’s duty to keep the premises reasonably safe for an employee of the subcontractor extended only to conditions existing when the employee began to work and did not apply to conditions arising during the course of work. This Court held that this instruction was perfected by also charging the jury that if the general contractor did not own the ladder or equipment which the employee was using when injured, or did not control the ladder or equipment when the employed was injured, or had no knowledge of the way in which the ladder was used, then the general contractor would not be liable to the employee. Elder, 479 So.2d at 1248. The Court also pointed out that an exception applies if the work involved is “intrinsically dangerous.”
In the instant case, there was an agreement between Construction One and AMCO that provided that AMCO was to furnish all the equipment, labor, tools, etc., and that Construction One had the right, but not the obligation, to inspect the equipment used by AMCO. The evidence established that AMCO furnished the ladder used by Barron and that Construction One had never inspected the ladder or any other equipment used by AMCO employees. In addition, there was no evidence that Barron was involved in an intrinsically dangerous activity. Based upon the foregoing, the summary judgment in favor of Construction One is affirmed.

Campbell and McPherson

Although an employer has a duty to provide a reasonably safe place to work, an employee, officer, or director of an employer is not burdened with that duty unless it is delegated to or assumed by him. Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985). The injured party has the burden of proving with specificity the defendant’s delegated or assumed duty and its breach. Fireman’s Fund American Ins. Co. v. Coleman, 394 So.2d 334 (Ala.1980).
“ ‘Liability of a co-employee must be predicated upon the breach of a personal duty owed to the injured employee and not upon general administrative responsibilities of the third-party co-employee defendant. It is insufficient, for example, to merely allege and prove a generalized duty of a co-employee to provide the injured employee with a reasonably safe place to work. An employee is not liable for injuries to another employee because of the failure of the employer to furnish a safe place to work or suitable appliances or instrumentalities.’ ” (Emphasis original.)
Welch v. Jones, 470 So.2d 1103, 1110 (Ala.1985). See also Rice v. Deas, 504 So.2d 220 (Ala.1986).
Campbell testified that his duties included visiting the job site about twice a week to check on the piping and plumbing work and to coordinate monthly job meetings. He stated that he did not send the ladders to the job site and did not know how they got to the job. (There were four ladders on the job site, provided by AMCO.) Campbell stated that when ladders were needed, the employees would call him, McPherson, or AMCO’s office. Campbell said that he never inspected the ladders on any job and never walked through the job *1354 site to determine whether the equipment being used was safe.
McPherson testified that his duties included getting material to be installed by Barron to the job site, helping Barron with any problems, and coordinating anything Barron could not handle. Although McPherson walked through the job site occasionally, he said he never inspected the ladders and he never instructed anyone to inspect them. McPherson testified that Barron had the responsibility to see that this work was done safely.
Barron testified that McPherson told Bill Cook, an employee of AMCO, to bring the ladders onto the job site; however, Barron did not know who selected the ladders. McPherson stated that Cook could have taken the ladders to the job site, but he did not know who actually delivered them. McPherson also stated that he is not usually involved with the ladders in any way unless extras are needed, and even then, someone usually calls the office and requests Lorenzo Duncan to send ladders.
Barron testified that he felt that David Payne had the overall responsibility for job safety, that Payne had run people off the job for not wearing hard hats, and that Payne should have inspected the ladders. Payne testified that although he worked directly under the supervision of Campbell, he (Payne) and Barron were each their own superintendent.
We cannot say tha* the foregoing testimony raises a reasonable inference of a breach of a personal duty on the part of Campbell or McPherson with respect to Barron.
Furthermore, there is no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care. Owens v. National Security of Alabama, Inc., 454 So.2d 1387 (Ala.1984).
Barron testified that he had worked with ladders for approximately 16 years and that he had been on this particular job for three weeks before the accident occurred. Barron stated that all of the ladders on this job were old and had individual problems, such as missing rungs; patches where they had broken; or looseness, causing a ten-dence to “walk” with body movements. Barron also stated that these conditions were obvious and that he never complained about them. Given these facts, we hold that neither Campbell nor McPherson had a duty to warn Barron of the dangers associated with these ladders.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.