This is an appeal by plaintiff, Robert G. Harris, Jr., from a summary judgment in favor of defendant, Danny Hand, in a co-employee suit brought under the third-party provisions of the Workmen's Compensation Act (Ala. Code 1975, § 25-5-11). We affirm.
Harris sustained personal injuries on August 5, 1981, when he fell from a ladder on the jobsite of his employer, Seyforth Roofing Company. Seyforth was engaged in reroofing a housing project. At the time of his fall, Harris was standing on a ladder talking with his supervisor, who was working on top of a two-story building. Harris injured his head, shoulder, and back. By amendment to his complaint, he substituted Danny Hand, president of Seyforth Roofing, for certain fictitiously described defendants, namely those defendants who "had a duty to issue warnings or instructions regarding the use of the ladder . . ., who had the right to control the work being done at the time of the occurrence . . ., who were co-employees of the plaintiff [and] negligent on the occasion . . ., [and] who had any responsibility for safety with regard to the work done." The trial court granted Hand's motion for summary judgment *Page 192 
and made the judgment final pursuant to Rule 54 (b), Ala.R.Civ.P.
In order for a movant to be entitled to a summary judgment, he must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. Rule 56 (c), Ala.R.Civ.P.; Smith v. American Cast Iron PipeCo., 370 So.2d 283 (Ala. 1979). The facts in the instant case are undisputed. The issue is whether those facts entitled Hand to a judgment as a matter of law.
Section 25-1-1 imposes on employers the duty to provide reasonably safe employment. A co-employee is not liable to another employee unless he (1) voluntarily assumed or (2) was delegated his employer's duty to provide a reasonably safe workplace. Fontenot v. Bramlett, 470 So.2d 669, 672 (Ala. 1985). A plaintiff must also prove that his co-employee breached the assumed (or delegated) duty by failure to exercise reasonable care and that this breach proximately caused injury to the plaintiff. Clark v. Floyd, 514 So.2d 1309, 1316 (Ala. 1987).
"[T]he fact that a [co-employee] is in an administrative or supervisory position alone does not make that person liable."Clements v. Webster, 425 So.2d 1058, 1060 (Ala. 1982). Neither does "[t]he imposition of liability . . . arise out of . . . the amount of control . . . which the co-employee exerts at the workplace," Clark, 514 So.2d at 1316, or "his overall role with regard to the jobsite," Welch v. Jones, 470 So.2d 1103, 1110
(Ala. 1985). As this Court stated recently:
 "`Liability of a co-employee must be predicated upon the breach of a personal duty owed to the injured employee and not upon general administrative responsibilities of the third-party co-employee defendant. It is insufficient, for example, to merely allege and prove a generalized duty of a co-employee to provide the injured employee with a reasonably safe place to work. An employee is not liable for injuries to another employee because of the failure of the employer to furnish a safe place to work or suitable appliances or instrumentalities. 57 C.J.S. Master and Servant § 578 n. 33, and accompanying text at 350.
 "`The burden is upon the injured party to prove with specificity the defendant's delegated or assumed duty and its breach for which recovery is sought. The position he occupies, without more, cannot serve as a basis for a co-employee's liability.'
 "Fireman's Fund American Insurance Co. v. Coleman, 394 So.2d 334, 347 (Ala. 1980) (Jones, J., concurring in the result). See also Kennemer v. McFann, 470 So.2d 1113 (Ala. 1985); Welch v. Jones, 470 So.2d 1103 (Ala. 1985); Fontenot v. Bramlett, 470 So.2d 669
(Ala. 1985)." Rice v. Deas, 504 So.2d 220, 221 (Ala. 1986) ("employee" and "employer" emphasized in Rice;
other emphasis added).
In the instant case, Hand supported his motion for summary judgment by showing, through various affidavits, depositions, and other sworn testimony, that he did not participate in any safety training of Harris or personally provide him with equipment, materials, or job tasks. In fact, Hand did not even know Harris or know of Harris's employment with Seyforth untilafter the accident. (The accident occurred on Harris's second day at work. Another employee of Seyforth, Rayburn Newman, had hired Harris) Hand was not present at the jobsite on the date of the accident. Hand further averred that the company had no safety rules in writing and that the only "oral" rules were those of common sense and knowledge in handling ladders. Hand stated that he did not issue warnings or instructions regarding the use of ladders to any employee. Hand stated that responsibility for safety on the jobsite was delegated to his general manager, who in turn had delegated it to Newman.
In opposition to Hand's motion for summary judgment, Harris presented testimony showing that Hand visited the jobsite *Page 193 
two or three times per week; that Hand would meet with Newman to keep abreast of the work and to learn what tools were needed and how the men were performing; that Hand purchased all of the tools, equipment, and supplies needed and brought them or had them delivered to the jobsites; that Hand once purchased a magnet for use in picking up nails that lay on the ground beneath the roofs on which Seyforth was working; and that Hand never told Newman that Newman was responsible for safety on or at the jobsite.
We hold that Hand has shown that there is not a scintilla of evidence from which a jury could reasonably infer that he had assumed or had been delegated his employer's responsibility to provide a reasonably safe workplace.
Harris, in his brief, emphasizes that Hand admitted in his deposition that he (Hand) was ultimately responsible for the safety of the workplace because of his position as president. However, this acknowledgement by Hand does not serve as a basis for his liability under the law. As stated above, a co-employee is not liable to another employee by virtue of his positionalone.
We hold that there is no genuine issue of material fact as to whether Hand had assumed or had been delegated Seyforth Roofing's responsibility to provide Harris with reasonably safe employment, and that Hand was entitled to a judgment as a matter of law.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.