This controversy arose out of the following facts: During the fall of 1978 Replex Corporation (Replex) purchased some $7,750 in materials from Reichhold Chemicals (Reichhold) on account. Replex did not pay the account as it came due and on March 8, 1979, with a balance owing of $6,948.90, executed to Reichhold four promissory notes totalling the amount due. The notes were executed by Replex's vice president, John Medina (Medina), in his representative capacity.
Replex paid two of the four notes, leaving a balance due of $2,948.90, and, apparently, went out of business. The balance due remained unpaid.
On December 31, 1979, Reichhold filed suit against Replex and Medina, claiming Medina to be personally liable as guarantor of the two unpaid notes. The District Court of Lamar County granted judgment in Reichhold's favor against defendant Replex for the balance due under the notes, $2,498.90. The court found that defendant Medina was not personally liable as guarantor and Reichhold appealed to the circuit court. The Lamar County Circuit Court likewise entered judgment in favor of Medina and it is from that judgment that Reichhold now appeals. The liability of Replex under the notes is not in dispute.
The issue is whether the trial court's judgment, that Medina was not personally liable as guarantor of the two remaining notes, was correct. We find otherwise and reverse.
At trial, Reichhold introduced into evidence the notes and purported guaranty agreements upon which its claims against Replex and Medina were based. The guaranty agreements, printed on the back of each note, read as follows:
 FOR VALUE RECEIVED THE UNDERSIGNED AND EACH OF THEM HEREBY FOREVER WAIVE PRESENTMENT, DEMAND, PROTEST, *Page 98 
NOTICE OF PROTEST AND NOTICE OF DISHONOR OF THE WITHIN NOTE AND THE UNDERSIGNED AND EACH OF THEM GUARANTEES THE PAYMENT OF SAID NOTE AT MATURITY AND CONSENTS WITHOUT NOTICE TO ANY AND ALL EXTENSIONS OF TIME OR TERMS OF PAYMENT MADE BY HOLDER OF SAID NOTE. (Emphasis ours.)
Following the agreement was the signature, "John Medina." Medina admitted that he signed the notes and agreements as they appear.
The trial court found Medina not personally liable under the guaranty. The court noted that the guaranty "talks about notice and waivers and written protest and et cetera and right in the middle of it it says something about guarantees . . . [it] is totally ambiguous. . . ."
Section 7-3-416, entitled "Contract of Guarantor," provides in subsection (1) the following:
 "Payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party.
The official comment to § 7-3-416 states that "[A]n indorser who guarantees payment waives not only presentment, notice of dishonor and protest, but also all demand upon the maker or drawee." Reading this comment, it is apparent that the guaranty signed by Medina explicitly incorporated all four of the waivers which naturally result from such contract of guaranty. The guarantee also specifically set forth that the undersigned "GUARANTEES THE PAYMENT OF SAID NOTE AT MATURITY."
We find the guaranty agreement in no way ambiguous. Its wording is indicative of language validly used in everyday practice by those making use of such agreements and which is commonly upheld by the courts. See, e.g., Warner-LambertPharmaceutical Co. v. Sylk, 471 F.2d 1137 (3d Cir. 1972); Lutzv. Gatlin, 22 Wn. App. 424, 590 P.2d 359 (1979); UniversalMetals Machinery, Inc. v. Bohart, 18 U.C.C.Rep. 1238 (1976).
Medina, having executed the contract of guaranty, became a "guarantor" and engaged that if the instrument was not paid when due, he would pay it according to its tenor without resort by Reichhold to any other party. Metze v. Entman,584 S.W.2d 512 (Tex.Civ.App. 1979); § 7-3-416, Code of Alabama (1975). This was the nature of his liability.
Medina was permitted to testify that he did not understand he would be personally liable on the notes and that he was not informed of such liability. There was evidence that Reichhold insisted on an individual guarantor because of previous trouble in collecting from Replex. In the absence of allegations or proof of fraud or misrepresentation, and no ambiguity existing, the parties' writing was the sole expositor of their transaction and intention. Gunnels v. Jimmerson, 331 So.2d 247
(Ala. 1976). Medina's stated ignorance of the contents of the written guaranty contract executed by him in no way avoids his obligation thereunder in the absence of fraud or misrepresentation. Eley v. Brunner-Lay Southern Corporation,289 Ala. 120, 266 So.2d 276 (1972).
Having addressed the basis of the judgment as stated by the trial court and reviewed the record carefully, we find no merit in the remaining argument of defendant that because of his linguistic disabilities after twenty years of citizenship, the court may have determined him to be incapable of understanding what he signed.
Medina entered into an unambiguous contract as guarantor of notes executed by Replex. Replex failed to pay two of the notes. The trial court found Medina not liable as guarantor because of ambiguity in the guaranty. The judgment of the trial court is erroneous and is reversed. Judgment for plaintiff and against defendant Medina is directed to be entered.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur. *Page 99