Appeal by David Shipp from summary judgment in favor of First Alabama Bank of Gadsden. We affirm.
First Alabama Bank of Gadsden (Bank) brought this action against Shipp for money owed the Bank upon two promissory notes and Shipp's separate continuing guaranty agreement signed by him on December 10, 1976. Under that guaranty, Shipp agreed to guarantee the indebtedness of Heritage Leasing, Inc., d/b/a Budget Rent-A-Car, up to the amount of $17,700. Shipp signed this guaranty, "David Shipp, V.P.," and, in his answers to interrogatories later filed, stated that he was an officer of the corporation.
The Bank's complaint, as amended, contained the following two counts:
"[CLAIM ONE]
 "1. Defendant, on or about October 17, 1977, executed and delivered to Plaintiff a promissory note, . . . whereby Defendant promised to pay Plaintiff the sum of Twenty-nine Thousand Two Hundred Twenty-one and 48/100 ($29,221.48) Dollars.
 "2. Defendant further agreed to pay a reasonable attorney's fee for collection and waived exemptions from execution.
 "3. Defendant owes to Plaintiff the principal sum of $8,536.96 plus interest and an attorney's fee of 15% of said amount. Additionally, the Plaintiff repossessed one of the automobiles which was security for said indebtedness at an expense to it of $483.03 and by the terms of the note and security agreement, defendant agreed to pay the cost of same.
 "WHEREFORE, Plaintiff demands judgment against the Defendant for the sum of $9,019.99 plus interest, attorney's fee and costs.
"CLAIM TWO
 "1. Plaintiff avers that heretofore on, to-wit: 10 December, 1976, the Defendant, David Shipp, executed a continuing guaranty to Plaintiff herein whereby for a valuable consideration the Defendant David Shipp unconditionally guaranteed and promised to pay to First Alabama Bank of Gadsden, N.A., in lawful money of the United States any and all indebtedness of Heritage Leasing, Inc., d/b/a Budget Rent-A-Car, not to exceed, however, the sum of $17,700.00 plus a reasonable attorney's fee and all other costs and expenses which may be incurred by First Alabama Bank of Gadsden, N.A., in *Page 1016 
the enforcement of the guaranty agreement.
 "2. Plaintiff avers that subsequent to the execution of the guaranty by the Defendant to Plaintiff herein, that Plaintiff made various loans to Heritage Leasing, Inc., the last of which was evidenced by a promissory note dated May 4, 1978, in the amount of $11,690.11 with interest thereon at the rate of 9 1/2% from the date thereof, and unless otherwise specified interest after maturity to be at the maximum legal contract date and was due and payable on, to-wit: July 3, 1978. Plaintiff avers that said promissory note dated May 4, 1978, is signed Heritage Leasing, Inc., David Shipp, Larry Swann. That the said Heritage Leasing, Inc., a corporation, defaulted in the payments due on said promissory note, and the unpaid principal balance on same is $5,750.81.
 "WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $5,750.81 together with interest from to-wit: July 3, 1978, at the highest legal rate per annum plus a reasonable attorney's fee, not to exceed 15%."
After various pleadings were filed by both sides, and the addition of a third-party complaint by Shipp against Heritage Leasing, Inc., and others, the Bank moved for summary judgment, supported by the pleadings, a deposition of the defendant, and the affidavits of Ollie W. Nabors, Buford Copeland, and J. Richard Carr. These affidavits, with exhibits, established that in 1976, before the execution of the notes in question, David Shipp executed a continuing guaranty to the Bank under which he unconditionally guaranteed and promised the Bank all indebtedness of Heritage Leasing, Inc., d/b/a Budget Rent-A-Car, up to $17,700.00. It was also shown that on October 17, 1977, Budget Rent-A-Car and Shipp executed a promissory note payable to the Bank in the amount of $29,221.48. The reverse side of this note also contained an unconditional guarantee to pay the indebtedness under that note, together with "reasonable costs and an attorney's fee of 15% of the unpaid debt." Another promissory note was executed on May 4, 1978, by Heritage Leasing, Inc., and Shipp in the amount of $11,690.11. Shipp signed both of these notes on their faces as "David Shipp."
The Nabors affidavits were by the Bank's chief executive officer. One of these recited:
 "My name is Ollie Nabors. I am Chief Executive Officer of First Alabama Bank of Gadsden, N.A., a national banking association. I am the custodian of the records of the plaintiff in this cause as its Chief Executive Officer, and the records are maintained under my supervision and control. Attached hereto as Exhibit 1 is a copy of a promissory note dated October 17, 1977. This promissory note is a part of the records of First Alabama Bank of Gadsden, N.A., and the unpaid principal balance due on said note is $8,536.96. Additionally, as a part of the security for said indebtedness, a security interest was included therein on several automobiles, and said note and security agreement provide that the makers and guarantors thereof will be responsible for expenses of repossessing the collateral. The plaintiff in this case repossessed one of the automobiles which was security for said indebtedness, and the expense to it was $483.03, and this would be an additional amount due under the terms of said note. The total unpaid balance is $9,019.99 plus interest, attorney's fees and costs as provided for by said note. The principal balance is $9,019.99 and the unpaid interest as of this date is $2,144.11 and accrues at the rate of $1.87 per day."
The other Nabors affidavit read as follows:
 "My name is Ollie W. Nabors and I am the Chief Executive Officer of First Alabama Bank of Gadsden, N.A., a national banking association. I am the custodian of the records of First Alabama Bank of Gadsden, N.A., a national banking association, and the records are kept under my supervision and control. Attached hereto *Page 1017 
as Exhibit A is a copy of a written guaranty executed by the defendant, David Shipp. Attached hereto as Exhibit B is a promissory note dated May 4, 1978, executed by Heritage Leasing, Inc., a corporation, payable to the plaintiff herein. The unpaid principal balance on the promissory note is $5,750.81 and the unpaid interest as of this date is $2,354.53 and the interest accrues at the rate of $1.26 per day. The promissory note is past due and unpaid."
The affidavit of Buford Copeland, a practicing attorney in Etowah County, established that on April 20, 1984, the balance of one of the promissory notes was $11,164.10, and that a reasonable attorney's fee for the collection of that note was $1,674.61. As to the other note, with a balance due of $8,105.34 as of April 20, 1984, in his opinion, a reasonable attorney's fee was $1,215.80. The affidavit of J. Richard Carr, another practicing attorney in Etowah County, corroborated these as reasonable attorney's fees.
In opposition to the Bank's motion for summary judgment, Shipp filed an affidavit in which he stated that "it was always the intention that this was a corporate debt and I never did understand that I would be personally liable." He also said that "I was never informed by the bank of the status of the loan until many months after it was in total default and all the security had been disposed of by third parties with the consent and collusion of the bank." Elsewhere in his answer he alluded to certain defenses which would be made against the Bank's claims.
After a hearing, the trial court granted the following summary judgment, made final by an order under Rule 54 (b), A.R.Civ.P.:
 "1. The Plaintiff shall have and recover judgment against the Defendant, David Shipp, on Count One of the complaint in the amount of $12,883.59, on waiver of personal property exemption.
 "2. The Plaintiff shall have and recover judgment against the Defendant David Shipp on Count Two of the complaint in the amount of $9,351.38, on waiver of personal property exemption.
 "3. The total judgment rendered in favor of the Plaintiff First Alabama Bank of Gadsden, N.A., against the Defendant David Shipp, on said Counts One and Two combined is $22,234.97, and said Plaintiff shall recover judgment against the Defendant in the amount of $22,234.97 on waiver of personal property exemption.
 "4. Judgment is entered in favor of the Plaintiff and against the Defendant on the counterclaim filed by the Defendant.
 "Costs in this cause are taxed to the Defendant, for all of which execution may issue."
Defendant Shipp's motion for a new trial was overruled, and he appeals.
Rule 56 (e), A.R.Civ.P., provides:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.)
The Bank had established by affidavit and documentary evidence that the debts sued upon were due and that David Shipp had personally guaranteed one of the notes and had another personal guaranty outstanding for other indebtedness up to $17,700.00 for principal. Did Shipp's affidavit comply with Rule 56 (e)? We think not. Shipp's affidavit contains vague and general assertions of the kind this Court criticized in Sartinov. First Alabama Bank of Birmingham, 435 So.2d 39 (Ala. 1983), and Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249
(Ala. 1980). Like the guarantor in Sartino, Shipp did not deny executing the respective guaranty agreements, but generally referred to defenses which he would raise. Under Sartino *Page 1018 
and Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala. 1980), Shipp has left the Bank's evidence uncontroverted.
The amount of the judgment against Shipp on the first note, to which Shipp's separate personal guaranty was applicable, was uncontroverted. The amount of the judgment on the second note was well within Shipp's separate guaranty of indebtedness up to $17,700.00 principal. Shipp's signature of that guaranty, "David Shipp, V.P.," did not prevent a personal obligation from attaching to Shipp. That guaranty does not name any representative, nor does it show that Shipp was signing in a representative capacity. Terms such as that used by Shipp,i.e., "V.P.," without more, are "descriptio personae," deemed merely descriptive of the person, and do not change the capacity in which he signs. Cf. Phenix Girard Bank v. Cannon,414 So.2d 926 (Ala. 1982); Code of 1975, § 7-3-403; and Mountv. Baptist Hospital of Gadsden, Inc., 43 Ala. App. 423,191 So.2d 262 (1966).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.