Schloss Kahn, Inc., filed a complaint against Al E. Gator's Seafood and Spirit Company, Inc., and Mark Moody, alleging that Al E. Gator's and Moody owed Schloss Kahn $6,828.72, plus interest and attorney's fees under the terms of a written contract. A default judgment, which is not the subject of this appeal, was entered against Al E. Gator's in the amount of $9,651.01; however, Moody denied personal responsibility for the debt. Both parties filed motions for summary judgment. The trial court denied Moody's motion for summary judgment and entered a judgment in favor of Schloss Kahn in the amount of $9,651.01. Moody appeals, contending that the trial court abused its discretion in granting Schloss Kahn's motion for summary judgment. We affirm.
At the outset we note that summary judgment is proper when the trial court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 56, Alabama Rules of Civil Procedure;McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App. 1987). The moving party bears the burden of proof. Jones v. Newton,454 So.2d 1345 (Ala. 1984). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party for a showing that a genuine issue of material fact exists. Bass v. SouthTrust Bank,538 So.2d 794 (Ala. 1989).
The record reveals that Al E. Gator's entered into a contractual agreement with Schloss Kahn. That agreement is evidenced by a "Credit Information Report." Also on the page with the credit information report is a section titled "Individual Personal Guaranty," which provides as follows:
 "I, Al E. Gator's Seafood Spirits, Inc., . . . for and in consideration of you extending credit at my request to Al E. Gator's Seafood Spirits, Inc., (hereinafter referred to as the 'Company') of which I am (Title): President, hereby personally guarantee to you payment of any obligation of the Company and I hereby agree to bind myself to pay you on demand any sum which may become due to you by the Company whenever the Company shall fail to pay the same. It's understood that this guaranty shall be a continuing and irrevocable guaranty . . . for such indebtedness of the Company. I do hereby waive notice of default, nonpayment and notice thereof and consent to any modification or renewal of the credit agreement hereby guaranteed, and to all renewals of extension of credit. The undersigned guarantor agrees to pay, in the event the amount becomes delinquent and is turned over to an attorney for collection, [an] attorney's fee equal to 33 1/3% of the balance due plus all attendant collection costs."
The guaranty was signed "Mark F. Moody (President)."
Moody claims that there was a question of fact to be decided because, he claims, he signed the "Individual Personal Guaranty" in a representative capacity and did not agree to be responsible for the debt of Al E. Gator's; therefore, he claims, the guaranty was ambiguous.
Moody stated in his affidavit filed in opposition to Schloss Kahn's motion for summary judgment that he did not intend to guarantee the debt. At first he left the guaranty section blank. However, he was informed that he could not be accepted unless it was completed. He then completed the guaranty portion of the form as shown above to satisfy the requirement, but also to indicate to Schloss Kahn that he did not intend to be personally liable for the corporate debt. He did not dispute the amount of the debt in his affidavit.
The court may analyze and determine the meaning of unambiguous contract terms and may decide the questions on summary judgment when appropriate. Government Street Lumber Co.v. AmSouth *Page 1047 Bank, 553 So.2d 68 (Ala. 1989). In addition, a guarantor may not defeat the terms of an agreement by stating that he did not intend to obligate himself as a guarantor. Furthermore, when the terms of the guaranty are clear and certain, its construction and legal effect are questions of law for the court. Id.
In the present case Moody claims that an ambiguity was created by the manner in which he signed the guaranty. However, we find that Moody, by signing (President) after his signature, did not prevent a personal obligation from attaching to him.See Shipp v. First Alabama Bank of Gadsden, 473 So.2d 1014
(Ala. 1985). We further find that the terms of the agreement are plain and unambiguous and may not be defeated by the statement that Moody did not intend to obligate himself to the provisions of the written guaranty agreement. Williams v. Bankof Oxford, 523 So.2d 367 (Ala. 1988). Based on the above, we hold that the trial court did not err in granting Schloss 
Kahn's motion for summary judgment. This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.