ADAMS, Justice.
Mike Maske appeals a judgment in favor of Chrysler First Commercial Corporation. The sole issue is whether Maske, who signed a guaranty document for loans made to Sensible Housing, Inc., signing “Mike Maske, President,” should be held personally liable.
The trial court stated in its order:
“THIS CAUSE was submitted to the Court on the Pleadings, the Stipulation of Facts as signed and executed by the *389 Attorneys of Record for the parties, the Motion for Judgment on the Pleadings and Brief as filed by the Plaintiff, and the Motion for Judgment on the Pleadings and Brief as filed by the individual Defendant, Mike Maske. The Court, having read and considered the above matters, finds that the Plaintiff is entitled to relief against both ... Defendants. The Court finds that relief is due to be granted and makes the following findings:
“1. That under the provision of paragraph Two of the Stipulation of Facts, the Plaintiff is entitled to a monetary judgment against the Defendant, Sensible Housing, Inc., in the Amount of $27,027.00 plus interest of $4999.99 through September 13, 1991 plus interest at the rate of $16.67 per day from September 14, 1991 to November 20, 1991 for an additional interest of $1,133.56. The total amount due to the Plaintiff as of November 20, 1991 is $33,160.55.
“2. That the Plaintiff is entitled to recover a reasonable attorney fee under the financing agreements. That the Court has determined from the attached affidavits, that a reasonable attorney fee for the Plaintiff’s attorney, M. Wayne Wheeler, is fifteen (15%) percent of the judgment amount, or $4,974.08.
“3. Further, the Court finds that the plain meaning of the financing documents involved in this transaction demonstrates an intention of the parties to personally bind the Defendant, Mike Maske. The Court finds the Guaranty Agreement would be meaningless without the personal liability of the individual Defendant, Mike Maske.
“4. That under the terms and conditions of the financing documents, the plaintiff is entitled to a monetary judgment against the individual Defendant, Mike Maske, in the same amounts that are set out in Paragraphs One and Two above.”
The guaranty agreement read as follows:
“This Obligor [Sensible Housing] named above desires to transact business and to make credit arrangements with Chrysler First Wholesale Credit, Inc., with principal offices at 1370 Washington Pike, Bridgeville, PA 15017 (Hereinafter called CFWC). CFWC is unwilling to deal with Obligor unless it receives the guaranty of the undersigned (hereinafter called ‘Guarantor’). Guarantor acknowledges that it has received a benefit from the financing transaction between Obligor and CFWC. In consideration of CFWC entering into an arrangement with the Obligor by which CFWC may purchase or otherwise acquire from and/or enter into with, Obligor, promissory notes, ... sale contracts, chattel mortgages, trust receipts, leases and/or other evidences of indebtedness or dios-es in action hereinafter called ‘Contracts’ arising out of wholesale and/or retail transactions by or with Obligor. The undersigned and each of them do absolutely and unconditionally guarantee to CFWC and its affiliated and fiduciary companies the full and lawful and prompt performance, payment and discharge of any and all obligations and agreements of Obligor under or with respect to any and all such Contracts and any and all other agreements (whether by way of guaranty or otherwise) of Ob-ligor with CFWC or its affiliates or subsidiary companies now in force or hereinafter made. This is a Guaranty of payment and not of collection.
“Notice of acceptance of this Guaranty is hereby waived. Presentment, protest and demand, and notice of protest and demand, and notice of protest and demand of any and all Contracts are hereby waived. Any rights to extension, composition or otherwise under the Bankruptcy Code or any amendments thereof or under any state or other federal statute are hereby waived. Extensions of the times of payment and/or renewals of Contracts and extensions of the times of performance of agreements of Obligor or any other compromises, adjustments or indulgences may be granted without notice to Guarantor(s). Any indebtedness of Obli- *390 gor now or hereinafter held by the Guarantors) is hereby subordinated to the obligation of the Obligor to CFWC guaranteed hereunder.
“Failure by CFWC to insist upon strict performance or observance of any of the terms, provisions and covenants of any Contract or agreement or to exercise any right therein contained shall not be constituted as a waiver or relinquishment for the future of any terms, provision or covenant thereof, but, as to the Guarantors) the same shall continue and remain in full force and effect. Receipt by CFWC of payments with knowledge of breach of any provision of any Contract or agreement shall not as to the Guarantor(s), be deemed a waiver of such breach.
“The liability of the Guarantor(s) under this Guaranty shall be primary and in any right of action which shall accrue to CFWC under any Contract or agreement CFWC may, at its option, proceed against the Guarantor(s) jointly or severally without having commenced any action against or having obtained any judgment against Obligor or any other party liable with respect hereto, the Guaranty being a guaranty of payment and not of collection, if any claim against Guarantors) hereunder is referred to any attorney for collection, the Guarantor(s) shall pay reasonable attorney’s fees. If the Guaranty is signed by more than one person, the obligations of the Guarantors) shall be their joint and several undertaking.
“This Guaranty may be terminated by the Guarantor(s) by serving ten (10) days written notice upon CFWC at the address shown above. But as to all contracts purchase or acquired and all obligations of Obligor, contingent or absolute incurred up to the effective date of such notice [sic]. This Guaranty shall be continuing and unconditional until the same are fully paid, performed or the Guaranty shall not be discharged or affected by the death of any of the Guarantor(s), but shall bind their respective heirs, executors, administrators and assigns, and the benefits thereof shall extend to and include the successors and assigns of the Corporation [sic].”
This case is like Shipp v. First Alabama Bank of Gadsden, N.A., 473 So.2d 1014 (Ala.1985). In that case, Shipp signed a guaranty as “David Shipp, V.P.” This Court held:
“Shipp’s signature of that guaranty, ‘David Shipp, V.P.,’ did not prevent a personal obligation from attaching to Shipp. That guaranty does not name any representative, nor does it show that Shipp was signing in a representative capacity. Terms such as that used by Shipp, i.e., ‘V.P.,’ without more, are ‘des-criptio personae,’ deemed merely descriptive of the person, and do not change the capacity in which he signs.”
Shipp v. First Alabama Bank of Gadsden, supra, at 1018. (Citations omitted.) Like that in Shipp, the term following the signer’s name on the personal guaranty in this case was “merely descriptive of the person,” Shipp, supra, and did not prevent Maske from being personally obligated on the loan made to Sensible Housing.
The judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.