RICHARD L. HOLMES, Retired Appellate Judge.
The Paterson Company, Inc. (Paterson), filed a complaint, alleging that Harold L. Dozier, Sr., was liable to it for goods sold and delivered and that Dozier was in breach of a guaranty agreement dated October 16, 1987. Paterson requested damages in the amount of $16,487.40, plus interest, costs, and attorney fees.
The case was tried non-jury. The trial court issued an order, wherein it found in favor of Paterson. The trial court awarded damages of $16,487.40. The trial court also awarded attorney fees of $1,650, plus costs.
Dozier appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We would note that Paterson did not favor this court with a brief on appeal.
The dispositive issue is whether the trial court committed reversible error when it determined that Dozier was liable as a guarantor for the debts which The Dozier Company, Inc., had incurred with Paterson. It would appear that the trial court determined that Dozier was liable for these debts because he had executed a guaranty for an account established with Paterson for the partnership of D and R Carpet Brokers.
Our review of the record reveals the following pertinent facts: In October 1987 Dozier and Buddy Randall, as partners, opened a retail carpet business called D and R Carpet Brokers. The business address for D and R Carpet Brokers was 1816 N. Beltline, Mobile, Alabama, which is situated next to Paterson’s business location.
Dozier and Randall completed a credit application with Paterson for D and R Carpet Brokers. The credit application contained a guaranty agreement which both Dozier and Randall signed on October 16, 1987. The guaranty agreement provided the following pertinent statement: “In consideration of your extending credit to the above firm at my/our request, I/we hereby personally guarantee the payment of all their obligations to you until such time as I/we withdraw this application by certified mail, addressed to you.”
A short time later, the name of the business was changed from D and R Carpet Brokers to D and R Carpet Outlet, due to the similarity of the name, D and R Carpet Brokers, to a competitor’s name. D and R Carpet Outlet (D and R Carpet) continued to operate as a partnership until late 1988 or early 1989 when Randall left the business. After Randall left the business, Dozier continued to operate D and R Carpet as a sole proprietorship for a period of time.
In August 1989 Dozier and his son, Harold Dozier, Jr. (son), formed a corporation called The Dozier Company, Inc. (corporation), which continued to operate D and R Carpet at the same location. In November 1989 the corporation opened another ' retail carpet store in Daphne, Alabama, under the name of Mr. Carpet. Some time after November 1989, the name of D and R Carpet was changed to Mr. Carpet, and the sign in front of the Mobile store was changed to reflect the store’s new name. The invoices from Paterson were paid with checks from “The Dozier Company, Inc., d/b/a Mr. Carpet.”
In October 1991 Dozier resigned from the corporation and sold his stock in the corporation to his son. The son closed the Mobile location of Mr. Carpet in January 1992 and arranged for the account with Paterson to be changed from D and R Carpet at the Mobile address to Mr. Carpet at the Daphne address. The account number was changed at this time. The son testified that the credit manager at Paterson was aware that his father was no longer in the business.
The son continued to operate Mr. Carpet in Daphne and to do business with Paterson until June 1993, when he closed Mr. Carpet.
When Paterson was unable to obtain payment for some invoices billed to Mr. Carpet at the Daphne address, it filed the present action against Dozier, pursuant to the guaranty agreement executed on October 16, *612 1987. The testimony at trial revealed that all of the invoices billed to D and R Carpet in Mobile had been paid and that the unpaid invoices were those which had been billed to Mr. Carpet in Daphne.
The question which the trial court, and this court, must determine is whether the guaranty signed by Dozier for the debts of his partnership, D and R Carpet, extends to the corporation’s debts with Paterson.
A representative from Paterson testified that it is Paterson’s policy that it will not extend credit unless a credit application, like the one in this case, has been completed. The representative also testified that it is Paterson’s policy to require an additional credit application when Paterson becomes aware that the nature of the entity on the account has changed.
The credit manager for Paterson testified that he was aware that he began receiving checks in payment of invoices billed to D and R Carpet from The Dozier Company, Inc., and that he was aware that “Inc.” meant that the business was incorporated. Therefore, it appears that even prior to January 1992, Paterson was aware that the nature of the entity on the account had changed.
As previously noted, in January 1992 the credit manager for Paterson agreed to change the account from D and R Carpet in Mobile to Mr. Carpet in Daphne and even agreed to change the account number to reflect the change from D and R Carpet to Mr. Carpet. However, the credit manager admitted at the trial that Paterson does not have a guaranty signed by Dozier for the debts of the corporation or for the debts of Mr. Carpet.
It is well settled that when the terms of a guaranty are plain and exact, the construction and legal effect of the guaranty are questions of law for the court. Moody v. Schloss & Kahn, Inc., 600 So.2d 1045 (Ala.Civ.App.1992). If there is no ambiguity existing in the terms of the guaranty and if there are no allegations or proof of fraud or misrepresentation, then the writing of the parties will define clearly the intent of the parties to the transaction. Reichhold Chemicals, Inc. v. Replex Corp., 401 So.2d 96 (Ala.Civ.App.1981).
In the present case the guaranty agreement signed by Dozier clearly provided that “[i]n consideration of [Paterson’s] extending credit to the above firm ..., I ... hereby personally guarantee the payment of all their obligations to [Paterson]_” (Emphasis added.) The firm name listed on the credit application was D and R Carpet Brokers.
Therefore, when the name of the account was changed from D and R Carpet to Mr. Carpet, Dozier was no longer obligated under the clear terms of the guaranty agreement. In addition, it was admitted during the course of the trial that all of the invoices charged to D and R Carpet had been paid in full.
In view of the above, the judgment is due to be reversed and the cause is remanded to the trial court for proceedings consistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.