[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10877
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-01566-HGD


WELLS FARGO BANK, N.A,

Plaintiff-Appellee,

versus

TOM ROBERTS CONSTRUCTION CO. INC.,
THOMAS SCOTT ROBERTS, III,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 22, 2015)

Before WILLIAM PRYOR, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tom Roberts Construction Company, Inc., and its president, Thomas Scott

Roberts III, appeal the summary judgment in favor of Wells Fargo Bank, N.A.

Wells Fargo complained that Roberts Construction breached a promissory note that Roberts guaranteed to pay. We affirm.

In May 2006, Roberts Construction obtained from Wachovia Bank, N.A., a line of credit under a demand promissory note for $250,000. The note, which Roberts signed as president of Roberts Construction, provided that the company "promises to pay the sum of . . . $250,000[] or such sum as may be advanced and outstanding"; that loan "shall be due and payable in consecutive monthly payments of accrued interest only, commencing on June 1, 2006, and continuing on the same day of each month"; the note "shall be due and payable in full . . . on demand"; the "Bank's interests in and rights under this Note and the other Loan Documents are freely assignable, in whole or in part, by [the] Bank"; and the note was "governed by and construed under the law of" Alabama. The note also stated that interest "shall accrue on the unpaid principal balance . . . at the Bank's Prime Rate plus 0.5%"; if a default occurred, "all outstanding Obligations . . . shall bear interest at the Interest Rate plus 3%"; and late payments would be assessed a "charge equal to 5% of each payment past due for 10 or more days."

Wachovia Bank required Roberts to guarantee payment of the loan. Roberts "absolutely, irrevocably and unconditionally guarantee[d] to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of [Roberts Construction] to [the] Bank . . . however and

whenever incurred or evidenced . . . due or to become due, now existing or hereafter contracted or acquired . . . ." The guaranty was required "[t]o induce Bank to make, extend or renew loans, advances, credit, or other financial accommodations to or for the benefit of [Roberts Construction], which are and will be to the direct interest and advantage to [Roberts], and in consideration of . . . [the] financial accommodations made . . . for the benefit of [Roberts Construction], which are and will be to the direct interest and advantage of [Roberts]." The agreement provided that, "[i]f a Default occurs, the Guaranteed Obligations shall be due immediately and payable without notice"; the "Bank's interests in and rights under [the] Guaranty and other Loan Documents are freely assignable . . . by Bank" and "shall not release Guarantor from the Guaranteed Obligations"; and the Guaranty is "governed by and construed under the laws of" Alabama.

In December 2009, Wachovia notified the company and Roberts that the loan was in default. Wachovia made a "formal demand for repayment for all sums owing under the Note" of "principal in the amount of $248,498.42 and interest in the amount of $2,458.71" and "other fees, charges and expenses in the amount of $360.19." Wachovia also demanded "immediate payment of [those] amounts" from Roberts, as "the guarantor of the Loan." In March 2010, Wachovia merged with Wells Fargo.

3

On July 3, 2013, counsel for Wells Fargo demanded payment of all debt on the note within 10 days. Wells Fargo sought the principal balance of the loan of $248,498.42, interest of $36,083.65, late fees of $1,858.06, and expenses of $600. The demand letter warned that "[i]nterest continues to accrue on the outstanding principal balance . . . until payment in full is received."

Wells Fargo complained that Roberts Construction and Roberts breached the promissory note and the guaranty and submitted copies of the note, the guaranty, and the demand letters. After the parties consented to a magistrate judge deciding the action, Wells Fargo moved for the magistrate judge to take judicial notice of the merger and assumption of the loan by Wachovia. Wells Fargo submitted a Certificate of Merger and letter from the Comptroller of the Currency stating that "Wachovia Bank . . . merged with and into Wells Fargo Bank."

Wells Fargo moved for summary judgment. Wells Fargo attached to its motion a declaration by Andre Taylor that he is "responsible for management, including collection, of the loan made by Wachovia to . . . Roberts Construction , . . . and guaranteed by . . . Roberts[]" and that he is "familiar with the loan documents and other books and records kept by Wells Fargo in the normal course of its business evidencing and related to this loan." Taylor also declared that, "[o]n or about May 1, 2006, Wachovia made a loan to [Roberts Construction] in the amount of $250,000.00," which "is evidenced by that certain Promissory Note";

4

"[i]n connection with and as an inducement to Wachovia's making of the Loan . . ., Mr. Roberts executed . . . [an] Unconditional Guaranty"; "Wells Fargo is the successor-by-merger to Wachovia Bank . . . and is the holder and owner of" the note and guaranty; and, "[a]s of June 6, 2014, the outstanding indebtedness due under the Note" was "$248,498.42 in outstanding and unpaid principal $45,039.96 in accrued and unpaid interest, and late charges in the amount of $2,290.29." Taylor submitted with his declaration a schedule detailing the interest and penalties that had accrued on the principal balance of the loan.

The magistrate judge took judicial notice of the merger and the assumption of the loan by Wells Fargo and entered summary judgment in its favor. The magistrate judge determined that there was "no genuine issue of material fact as to Wells Fargo's entitlement to enforce the loans made by Wachovia in this case"; under the terms of the note and guaranty, which "Roberts admit[ted] that he signed," Roberts Construction was liable for "the amount of the unpaid principal, plus accrued interest through the date of judgment"; and "Roberts . . . breached his obligation under the Guaranty Agreement by failing to tender the amount due to Wells Fargo under the Note." The magistrate judge rejected as "without merit" Roberts's arguments that Wells Fargo had to prove that each advance under the line of credit benefitted Roberts and that Taylor lacked knowledge to declare that Wells Fargo assumed the loan after the merger or to determine the debt owed by

5

Roberts Construction. The magistrate judge ruled that Roberts owed Wells Fargo $295,828.67. Later, the district court entered a final judgment against Wells Fargo.

We review *de novo* a summary judgment, "viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1254 (11th Cir. 2012). Summary judgment is appropriate when there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court did not err by entering summary judgment in favor of Wells Fargo. Roberts averred that he signed the promissory note and the guaranty, and those instruments establish that Roberts Construction obtained a loan that Roberts is obligated to repay with interest and penalties. Under Alabama law, because the terms of the agreements are unambiguous, "the contract's construction and legal effect bec[a]me a question of law for the court." *Medley v. SouthTrust Bank of the Quad Cities*, 500 So. 2d 1075, 1078 (Ala. 1986). The note states that Roberts "promised to pay . . . the sum of $250,000 or such sum as may be advanced and outstanding" by making "consecutive monthly payments . . . commencing on June 1, 2006," and the guaranty states that Roberts is wholly liable for the indebtedness. Roberts argues that Wells Fargo failed to prove "that any sum of money . . . [was] loaned or advanced," but the bank established Roberts Construction owed a principal balance on the note of $248,498.42 plus accrued

6

interest and penalties by producing copies of demand letters, Taylor's declaration and testimony, and a recapitalization schedule based on a ledger maintained by Wachovia for the line of credit. *See Shipp v. First Ala. Bank of Gadsden, N.A.*, 473 So. 2d 1014, 1017 (Ala. 1985). Because Roberts failed to submit any evidence to create a material factual dispute about the amount of outstanding indebtedness, the district court did not err by entering judgment in favor of Wells Fargo for $295,828.67.

Roberts challenges to the judgment on two grounds, both of which fail. Roberts argues that "no evidence was submitted" to establish that Wells Fargo assumed the loan, but the note and guaranty, which state that they are "freely assignable," coupled with the Certificate of Merger and letter from the Comptroller of the Currency establish, without dispute, that Wells Fargo acquired the loan by merger and inherited the rights of Wachovia to recover the outstanding indebtedness under the note and guaranty, *see* 12 U.S.C. § 215a(e). Roberts also argues that the guaranty provides that he is not obligated to repay a loan that was not "to [his] direct interest and advantage," but as the district court stated, "[a] plain reading of the Guaranty Agreement reflects that this language merely affirms that the grant of credit to [Roberts Construction] is to Mr. Roberts' direct interest and advantage."

We **AFFIRM** the summary judgment in favor of Wells Fargo Bank.

7